**JACINTOPORT CORPORATION,**
Appellant,

v.

**Osvaldo Nieto ALMANZA, Appellee.**

No. 14–97–01431–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 7, 1999.

Karl K. Hauser, Kenneth G. Engerrand, Houston, for appellants.

Michael J. Maloney, Nancy Johnson Hebert, Houston, for appellees.

Panel consists of Chief Justice MURPHY and Justices HUDSON and DRAUGHN.[1]

## OPINION

JOE L. DRAUGHN, Justice (Assigned).

Jacintoport Corporation ("Jacintoport"), appellant, appeals an order imposing sanctions for the failure to produce documents pursuant to a bill of discovery proceeding. Because the order is not final and appealable, we dismiss for want of jurisdiction.

On June 15, 1995, Osvaldo Nieto Almanza ("Almanza"), appellee, was permanently injured while working as a longshoreman in the Port of Houston. Almanza subsequently hired an attorney to investigate and pursue possible claims against responsible third parties. During the course of the investigation, inconsistencies arose as to the identity of Almanza's employer and other responsible third parties. In an effort to ensure he was pursuing the proper parties, Almanza requested information from Jacintoport to clear up the inconsistencies that had arisen in his investigation. Jacintoport, however, refused to volunteer any information. Accordingly, Almanza filed a Petition in the Nature of a Bill of Discovery against Jacintoport and two other parties to clarify the facts of the case.

Several months after filing the bill of discovery, Almanza filed a Notice of Deposition with Subpoena Duces Tecum for a Jacintoport representative. Jacintoport failed to appear at the deposition and Almanza filed a Motion to Compel and a Motion for Sanctions. The trial court eventually granted Almanza's motions and ordered Jacintoport to comply. In its order, the trial court imposed a sanction of $100 a day for each day, after ten days, that Jacintoport failed to produce the ordered documents. Several months later, the trial court found that Jacintoport had not complied with the order and sanctioned it $10,400. Jacintoport now appeals the trial court's order imposing sanctions.

## Jurisdiction

■ Almanza's bill of discovery sought to identify potential responsible third parties in connection with the injuries that he suffered while working at the Port of Houston. Such an action is generally referred to as an "equitable" bill of discovery. *See* TEX. R.CIV.P. 737; *see also Ross Stores, Inc. v. Redken Lab., Inc.*, 810 S.W.2d 741, 741–42 (Tex.1991); *see generally* 3 ROY W. MC-DONALD, TEXAS CIVIL PRACTICE § 12:6 (rev. 1992) (discussing the distinction between "pure" and "equitable" bills of discovery). Bill of discovery orders are final and appealable when they direct discovery against third parties against whom suit is not pending and is not contemplated. *See Ross Stores*, 810 S.W.2d at 742 (citing *Dallas Joint Stock Land Bank v. State*, 135 Tex. 25, 137 S.W.2d 993 (1940), and *Dallas Joint Stock Land Bank v. Rawlins*, 129 S.W.2d 485, 486–87 (Tex.Civ.App.—Dallas 1939, no writ)). In essence, when a bill of discovery order resolves all discovery issues between the bill of discovery plaintiff and the discovery defendant, it is an end in itself and becomes a final and appealable judgment against the discovery defendant. *See Ross Stores, Inc.*, 810 S.W.2d at 742. On the other hand, when a bill of discovery is brought against a party against whom there is a suit pending or against whom a suit is specifically contemplated, the bill of discovery order is not final and appealable. *See id.* Such an order does not become appealable until final judgment is rendered in the main suit which was pending or contemplated. *See Rawlins*, 129 S.W.2d at 487. With this standard in mind, we examine the particular facts of this case.

■ In his Petition in the Nature of a Bill of Discovery, Almanza specifically stated that "[p]etitioner has a reasonable basis for believing that a cause of action exists on the Petitioner's behalf if [Jacintoport's] negligence and/or gross negligence was the producing cause of the occurrence in question or Petitioner's damages." He later states that "[t]he information sought by Petitioner is necessary for a contemplated lawsuit .... [t]herefore, the Petitioner brings this Bill of Discovery seeking this information." In addition, nine months after he filed his bill of discovery and two months before the trial

1. Senior Justice Joe L. Draughn sitting by assign-   ment.

court issued its order imposing sanctions, Almanza did indeed file a lawsuit against Jacintoport and other defendants, alleging causes of action for negligence and gross negligence. That suit is currently pending in state district court.

The express language in Almanza's Petition in the Nature of a Bill of Discovery leaves little doubt that Almanza contemplated a suit against Jacintoport at the time he filed the bill of discovery. This is further supported by the fact that he actually filed a suit against Jacintoport, and that suit was pending at the time the sanctions order was signed. We therefore find that the bill of discovery order of which Jacintoport complains is not a final and appealable order. Likewise, the propriety of the sanctions ordered must await a final judgment disposing of all issues between the parties. Accordingly, for want of jurisdiction, we dismiss the appeal.