**VALLEY BAPTIST MEDICAL CENTER, Appellant,**

v.

**Michael GONZALEZ, Jr., Appellee.**

**No. 13–99–361–CV.**

Court of Appeals of Texas, Corpus Christi.

Dec. 30, 1999.

Rehearing Overruled Feb. 3, 2000.

Roger W. Hughes, Ferriel C. Hamby, Jr., Adams & Graham, Attys. at Law, R. K. Whittington, Law Offices of R. K. Whittington, Harlington, for Appellant.

Elizabeth B. Hawkins, Benjamin L. Hall, III, O'Quinn & Laminack, Houston, W. Lassiter Holmes, III, Atty. at Law, Edinburg, for Appellee.

## OPINION ON MOTION FOR REHEARING

Opinion by Justice DORSEY.

We issue this opinion on rehearing and withdraw our prior opinion. We hold that this Court does not have jurisdiction over an appeal of a trial court's Rule 202 order granting pre-suit discovery when the discovery is sought in anticipation of filing suit against the person from whom the discovery is sought.

## FACTS

Esther Gonzales, petitioner, brought a petition to investigate potential claims against Valley Baptist Medical Center and Erwin R. Mierisch, M.D. Gonzales seeks information regarding a fetal vacuum extractor device used during the delivery of Michael Gonzales, Jr. On June 8, 1999, the trial court entered an order allowing Gonzales to take the depositions of both the doctor and the corporate representative of the hospital.

The hospital filed notice of appeal of this order on June 10, and a petition for writ of mandamus on June 16. Both sought temporary relief staying the deposition. On June 25, this court stayed the deposition pending resolution of the mandamus. Then, on July 8, we denied mandamus and vacated the stay. Defendants then filed a mandamus action in the supreme court, which was denied on July 13.

In the meantime, the direct appeal of the discovery order continued. On July 15, this court granted another stay of the deposition and all other proceedings in the trial court pending further order. This court denied Appellee's motion to vacate the stay and to dismiss the appeal for want of jurisdiction on August 5. However, now having reconsidered the jurisdictional issue, we now hold that an appeal will not lie from such an order and dismiss this appeal for want of jurisdiction.

## ANALYSIS

Rule 202 of the Texas Rules of Civil Procedure allows a person to petition the court for an order authorizing the taking of an oral or written deposition to either: (1) perpetuate testimony for use in an anticipated suit, or (2) to investigate a potential claim or suit. TEX.R. CIV. P. 202.1. The proceeding is not, in itself, a separate lawsuit, but is incident to and in anticipation of a suit. *Office Employees*

*Int'l Un. v. Southwestern Drug Corp.*, 391 S.W.2d 404, 406 (Tex.1965). It is an ancillary proceeding. *Texacadian Energy, Inc. v. Lone Star Energy Storage, Inc.*, 829 S.W.2d 369, 372 (Tex.App.—Corpus Christi 1992, writ denied). Prior to enactment of the current version of Rule 202 in 1998, bills of discovery were provided for by Rule 737. There is no indication that the appealability of a bill of discovery order has been affected by the change.

■■■ Rule 202 governs all pre-suit discovery, combining the old rules regarding depositions to perpetuate testimony (former TEX.R. CIV. P. 187) and bills of discovery (former TEX.R. CIV. P. 737). Rule 202 contains detailed pleading and notice requirements. TEX.R. CIV. P. 202.2–202.3. Any order allowing a deposition to be taken under this rule must be based on specific findings by the trial court. *Id.* at 202.4. The trial court must find that: (1) allowing the petitioner to take the deposition may prevent a failure or delay of justice in an anticipated suit, *or*, (2) the likely benefit of allowing the petitioner to take the deposition outweighs the burden or expense of the procedure. *Id.* at 202.4(a). The order must also contain any protections the court finds necessary or appropriate to protect the witness or any person who may be affected by the procedure, and the court may restrict or prohibit the use of a deposition taken under the rule in a subsequent suit to protect a person not served with notice or to prevent the abuse of this rule. Commentators have predicted that the use of the Rule 202 pre-suit discovery procedure will gain popularity as sanctions for filing frivolous or groundless lawsuits become increasingly common. *See* MICHAEL O'CONNOR, DIANE M. GUARIGLIA & PROFESSOR BYRON DAVIS, O'CONNOR'S TEXAS RULES CIVIL TRIALS 1999, *Commentaries*, § 14 at 350 (1998).

■■■ In the absence of a special statute making an interlocutory order appealable, a judgment must dispose of all issues and parties in the case before it becomes final and appealable. *Gonzalez v. Avalos*, 907 S.W.2d 443 (Tex.1995); *New York Un-derwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678–79 (Tex.1990); *City of Alamo v. Holton*, 934 S.W.2d 833, 835 (Tex.App.—Corpus Christi 1996, no writ). As a general rule, orders relating to discovery in aid of a pending or contemplated cause, even when filed in a separate action, are considered interlocutory and are not appealable except in connection with appeal upon final disposition of the main cause on the merits. *Equitable Trust Co. v. Jackson*, 129 Tex. 2, 101 S.W.2d 552, 553 (1937); *Pelt v. State Bd. of Ins.*, 802 S.W.2d 822, 827 (Tex.App.—Austin 1990, no writ); *Warford v. Childers*, 642 S.W.2d 63, 65 (Tex.App.—Amarillo 1982, no writ); *Itz v. Kunz*, 511 S.W.2d 77, 77 (Tex.Civ.App.—San Antonio 1974, writ ref'd n.r.e.). The finality of an order granting or refusing discovery, for purposes of appeal, depends on the context in which the order is entered. MCDONALD TEXAS CIVIL PRACTICE § 12:6[c] (1992 & Supp.1999). The rule that has developed is that when a bill of discovery is ancillary to or essentially a part of another suit—whether ongoing or contemplated—the bill is an interlocutory discovery order and not appealable. *Id.* However, when the bill of discovery is a separate suit having as its sole object the obtaining of the information requested, the order granting discovery is final for appeal. *Id.* An order allowing discovery against a third party not liable to petitioner in order to determine the names of persons against whom an action is maintainable would fall under this second category. *Id.* Essentially, the question becomes whether an order for pre-suit discovery should be treated as a discovery order or as a separate lawsuit.

■■■ Whether a bill of discovery proceeding is ancillary to or essentially a part of a "primary" suit is not always clear. When a subsequent action is filed against the party from whom discovery was ordered, clearly the pre-suit discovery order was ancillary to that suit. We believe that direct appeal should be limited to situations where the discovery order sought is clearly a separate action against

a third party. The Houston 14th court of appeals recently addressed the question of whether an order imposing sanctions for failure to comply with a pre-suit discovery request was a final, and thus, appealable, order. *Jacintoport Corp. v. Almanza,* 987 S.W.2d 901, 902 (Tex.App.—Houston [14th Dist.] 1999, no pet.). In *Jacintoport,* an injured longshore worker filed a bill of discovery seeking to clarify identity of his employer and potentially responsible third parties. The court did not mention the relationship between petitioner and Jacintoport, but it appears that Jacintoport was an employer of the petitioner.

The Houston Court stated that bill of discovery orders are final and appealable when they direct discovery against third parties against whom suit is not pending and is not contemplated because in that situation, a bill of discovery order resolves all discovery issues between the bill of discovery plaintiff and the discovery defendant. *Id.* It is an end in itself and becomes a final and appealable judgment against the discovery defendant. *Id.* The court noted, though, that conversely, when a bill of discovery is brought against a party against whom there is a suit pending or against whom a suit is specifically contemplated, the bill of discovery order is not final and appealable and that such an order does not become appealable until final judgment is rendered in the main suit which was pending or contemplated. *Id.*

In his "Petition in the Nature of a Bill of Discovery," Almanza specifically stated that he had a reasonable basis for believing that a cause of action existed on his behalf if Jacintoport's negligence and/or gross negligence was the producing cause of the occurrence in question or his damages. *Id.* He later stated that he sought the information because it was necessary for a contemplated lawsuit. *Id.* Additionally, nine months after he filed his bill of discovery Almanza filed a lawsuit against Jacintoport and other defendants, alleging causes of action for negligence and gross negligence, which was pending in the district court at the time appeal was sought. *Id.* at 902–03. The *Jacintoport* court held

that the discovery order was interlocutory and not appealable because the express language in the petition left little doubt that Almanza contemplated a suit against Jacintoport at the time he filed the bill of discovery. *Id.* at 903.

In the instant case, Gonzales seeks discovery of information related to the birth and delivery of the baby from the hospital and doctor who performed the delivery. The reason is to investigate claims for damage for injuries that occurred during the delivery. We hold that this pre-suit discovery proceeding is incident and ancillary to a contemplated suit against Valley Baptist and/or the doctor. Accordingly, this court is without jurisdiction to hear this appeal.

While Gonzales only seeks information related to the fetal vacuum system used in delivering Michael Jr., the suit contemplated is one to recover for injuries which occurred during the birth. Gonzales named the doctor and the hospital in her petition as persons who may have interests adverse to hers in any anticipated suit. Even though Gonzales targets only the manufacturer of the fetal extractor device, it is difficult to imagine that the doctor who performed the delivery and the hospital where the delivery was performed would not also be contemplated defendants in such an action. If Gonzales had stated that this bill of discovery was intended to seek information regarding the potential liability of the hospital and the doctor, rather than the manufacturer of the medical device, the law is clear that interlocutory appeal would not be an available remedy for an order granting discovery under Rule 202. We see no meaningful difference where the defendants from whom discovery is sought are clearly contemplated defendants in a subsequent proceeding under the particular facts of a case, regardless of the petitioner's express statements in the petition.

Moreover, Rule 202 provides adequate safeguards for a defendant from

whom discovery is sought. The court is *required* to find that either allowing the discovery may prevent a failure or delay of justice in an anticipated suit, or that the likely benefit of allowing the deposition outweighs the burden or expense of the procedure. Tex.R. Civ. P. 202.4(a). Mandamus is available if the trial court commits a clear abuse of discretion. Additionally, the trial court has authority to restrict or prohibit the use of a deposition taken under this rule in a subsequent suit to protect a person not given notice of the deposition or to prevent abuse of the rule. *Id.* at 202.5.

■ Finally, we note that Rule 202.4(b) states that the order must contain any protections the court finds necessary or appropriate to protect the witness or any person who may be affected by the procedure. Tex.R. Civ. P. 202.4(b). Because this suit is essentially an equitable procedure, it seems entirely appropriate for a court to fashion protections in the order tailored to the situation. For example, requiring a bond to cover defendant's costs may be appropriate, when it appears possible that plaintiff has used the procedure for improper purposes or to require plaintiff to bear the burden of risk of deposing an entirely innocent potential defendant.

Further, we find the normal protections afforded litigants against discovery abuse adequate and more appropriate than direct appeal. *See e.g.,* Tex.R. Civ. P. 192.6 (providing for protective order against discovery); Tex.R. Civ. P. 199.4 (providing for motion to quash deposition objecting to time and place). In recognizing that the Rule 202 procedure generally benefits potential defendants overall by allowing plaintiffs to weed out unmeritorious claims through discovery without having to file suit, we find that the slight risk of harm that may occur is properly born by defendants for situations where a bill was improvidently granted by a trial court but the circumstances of its granting are not egregious enough to warrant mandamus relief and where a later suit does not follow.

Accordingly, we vacate our prior order staying the deposition and other trial court proceedings and dismiss this appeal for want of jurisdiction.