In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-302 CV


____________________



IN RE HOCHHEIM PRAIRIE FARM MUTUAL INSURANCE 


ASSOCIATION, SHAWN METOYER, AND WES SUTTLE







Original Proceeding







OPINION


 Hochheim Prairie Farm Mutual Insurance Association ("Hochheim"), Shawn
Metoyer, and Wes Suttle seek a writ of mandamus commanding the Honorable Monte D.
Lawlis, Judge for the 1st District Court of Jasper County, to vacate an order requiring the
relators to produce documents and to submit to pre-suit depositions. For the reasons stated
below, we grant relief. 

 Hochheim insured Gary Nolan and Cathy Nolan under a personal automobile policy
with a $25,000 limit of liability. The Nolans' daughter Shelly perished in an accident
while driving a non-owned vehicle. Joshua Hargrove also sustained fatal injuries in the
motor vehicle accident. In November 2002, his parents, John Hargrove and Leisa
Hargrove, extended to Hochheim the opportunity to resolve their claims against
Hochheim's insured in exchange for payment of policy limits. Hochheim did not respond
within the time stated in the demand, and the Hargroves filed suit against the Estate of
Shelly Nolan. (1) That litigation has not yet proceeded to trial. 

 John Hargrove and Leisa Hargrove ("the Hargroves") filed a verified petition for
pre-suit depositions in the 1st District Court of Jasper County, Texas. (2) See Tex. R. Civ.
P. 202. The Hargroves allege that they are currently engaged in litigation with
Hochheim's insured to determine the extent of their damages, and will seek a turnover of
all rights of the Estate of Shelly Nolan against Hochheim for its mishandling of the
Hargroves' claims against the Estate. The Hargroves petitioned to take the oral,
videotaped depositions of Metoyer and Suttle "for purposes of investigating potential
claims they may have against HOCHHEIM as judgment creditors of the Estate of SHELLY
DANIELLE NOLAN." The Hargroves alternatively pleaded for discovery in anticipation
of a suit to which they may be a party, namely, a suit "in the nature of a suit for common
law bad faith, Texas Insurance Code violations and Deceptive Trade Practices" in which
Hochheim "will have interests adverse to their own." 

 The designated deponents are Wes Suttle, an employee of R. E. Read L.L.C.
retained by Hochheim as an independent claims adjuster to handle the claims arising from
the accident, and Shawn Metoyer, a claims supervisor with Hochheim or an affiliated
company. According to the Hargroves, Suttle will testify to the presentation, investigation
and evaluation of the claims presented by the Hargroves against the Nolan Estate, and
Metoyer will reveal personal knowledge of the presentation of the Hargroves' claims,
Hochheim's handling of the demand for settlement, and the reasons for Hochheim's failure
to respond to the Hargroves' settlement offer prior to its expiration. The documents to be
produced include communications regarding the offer of settlement and evidence reflecting
their knowledge of the Hargroves' settlement with another insurer. The Hargroves'
petition alleged that they desire Suttle's testimony because Suttle possesses information
"vital to the HARGROVES' understanding of the facts surrounding the presentation,
administration and evaluation of their underlying claims." Metoyer's testimony, the
Hargoves alleged, "is vital to their understanding of the facts surrounding the claim. . . 
." "In equity," the Hargroves' alleged, "the HARGROVES should be allowed to obtain
and preserve this testimony before it has been diminished by the passing of time or the
witness becomes unavailable." 

 The relators' response noted that the Hargroves "have not established, through
adjudication, that Shelly Danielle Nolan was responsible for the automobile accident." 
The Hargroves' assertions, the relators alleged, also must be evaluated in the context of
a demand to an excess insurer. The response argued that their insured's opponent should
not be able to discover through a Rule 202 petition evidence not discoverable in the
litigation pending against the insured. Suttle and Metoyer submitted affidavits that they
have no plans to move outside their current counties of residence, that they are unaware
of any circumstances that would render them unavailable to appear or testify in the future,
and that their employers have no plans to destroy any document generated in connection
with the investigation of the Nolan accident. 

 The trial court granted the petition without conducting an evidentiary hearing. The
order limits use of the testimony and documents to proceedings initiated by the Hargroves
against the relators and prohibits its use in the suit filed by the Hargroves against the
representative of the Estate of Shelly Nolan. In their petition to this Court, the relators
contend that appeal is not an available remedy. See Valley Baptist Medical Center v.
Michael Gonzalez, Jr., 18 S.W.3d 673 (Tex. App.--Corpus Christi 1999), vacated as
moot, 33 S.W.3d 821 (Tex. 2000); see also In re Akzo Nobel Chemical, Inc., 24 S.W.3d
919, 920 (Tex. App.--Beaumont 2000, orig. proceeding). The real parties in interest do
not challenge the availability of mandamus as a remedy to challenge a Rule 202 discovery
order, but argue that pre-suit depositions and production of documents are appropriate in
this case.

 Pre-suit depositions are authorized by the rule in two circumstances: if the trial
court finds that allowing the petitioner to take the requested deposition may prevent a
failure or delay of justice in an anticipated suit, or the trial court finds that the likely
benefit of allowing the petitioner to take the deposition to investigate a potential claim
outweighs the burden or expense of the procedure. Tex. R. Civ. P. 202.4. The Hargroves
articulated only the vague notion that they should be entitled to obtain and preserve this
testimony before it has been diminished by the passing of time or the witness becomes
unavailable. The affidavits of Suttle and Metoyer establish the availability of their
testimony and supporting documentary evidence if and when the Hargroves file a suit
against Hochheim. The real parties in interest argue that the relators failed to present the
trial court with evidence to substantiate any claim of undue burden and that the depositions
would not unduly burden Suttle and Metoyer because the examinations would be conducted
at their offices. The actual burden imposed upon the relators in this situation weighs
heavily upon the insurer's relationship with its insured. 

 The cause of action for which the Hargroves are conducting pre-suit depositions is
for Hochheim's negligent failure to settle the Nolans' claim when the Hargroves offered
to settle within policy limits. See G.A. Stowers Furniture Co. v. American Indem. Co.,
15 S.W.2d 544 (Tex. Comm'n App. 1929, holding approved). A "Stowers" cause of
action accrues when the judgment in the underlying case becomes final. Street v.
Honorable Second Court of Appeals, 756 S.W.2d 299, 301 (Tex. 1988). The cause of
action belongs solely to the insured, not the injured party. Cook v. Superior Ins. Co., 476
S.W.2d 363, 364 (Tex. Civ. App.--Beaumont 1972, writ ref'd n.r.e.). Thus, the real
parties in interest seek to investigate and obtain evidence supporting their litigation
opponent's unaccrued cause of action, based solely upon their anticipation that they may
become the judgment creditors of the insured. The Hargroves concede that they would not
be entitled to the discovery in the underlying litigation and they can achieve no benefit
from conducting discovery at this time because the trial court's order granting the petition
to conduct depositions expressly prohibits their use in their suit against the representative
of Hochheim's insured. Given that the real parties in interest adduced no evidence of
imminent loss of the witnesses' testimony, the prejudice to the insurance company in
having to submit its employees for deposition far outweighs any benefit to the real parties
in interest. 

 We hold that the trial court abused its discretion by granting the petition for pre-suit
depositions and production of documents. Issues one and two are sustained. We
conditionally grant the petition for writ of mandamus and direct the trial court to vacate
its June 4, 2003, order that Wes Suttle and Shawn Metoyer present themselves for pre-suit
depositions and produce documents. We are confident that the trial court will promptly
comply with our opinion. The writ will issue only if the court does not do so.

 WRIT CONDITIONALLY GRANTED.



 _____________________________

 STEVE MCKEITHEN

 Chief Justice 



Submitted on July 24, 2003

Opinion Delivered August 29, 2003


Before McKeithen, C.J., Burgess and Gaultney, JJ.



DISSENTING OPINION


 I respectfully dissent. The majority finds the trial court abused his discretion in
granting the petition by holding: ". . . the prejudice to the insurance company in having
to submit its employees for deposition far outweighs any benefit to the real parties in
interest." With all due respect to my brethren, this is not the standard. Tex. R. Civ. P.
202.4 states:

 202.4 Order


 (a) Required Findings. The court must order a deposition to be taken
if, but only if, it finds that:


 (1) allowing the petitioner to take the requested deposition may
prevent a failure or delay of justice in an anticipated suit: or


 (2) the likely benefit of allowing the petitioner to take the
requested deposition to investigate a potential claim outweighs the
burden or expense of the procedure.


 (b) Contents. The order must state whether a deposition will be taken
on oral examination or written questions. The order may also state the time
and place at which a deposition will be taken. If the order does not state the
time and place at which a deposition will be taken, the petitioner must notice
the deposition as required by Rules 199 or 200. The order must contain any
protections the court finds necessary or appropriate to protect the witness or
any person who may be affected by the procedure.


 Nowhere in the rule is the word "prejudice" used. The balancing test is "benefit"
versus "burden." The trial judge is in the better position than this court to perform this
balancing test. I would defer to his judgment and deny the mandamus.




 DON BURGESS

 Justice


Dissent Delivered

August 29, 2003
1. Although his name does not appear in any of the parties' pleadings, the trial
court's order identifies the representative of the Estate of Shelly Nolan as T. John Ward,
Jr. 
2. Although the Hargroves did not plead their representative capacity in their petition
for pre-suit depositions, Hochheim's mandamus petition concedes that the Hargroves are
acting individually and as representatives of the Estate of Joshua Hargrove.