NO. 07-03-0483-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



AUGUST 16, 2005



______________________________


 

IN RE PETITION OF AMERICAN STATE BANK


TO OBTAIN TESTIMONY OF SCOTT WADE AND KENNY WILLMON


TO INVESTIGATE A POTENTIAL CLAIM BY PETITIONER


_________________________________



FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-521,792; HONORABLE JOHN FORBIS, JUDGE


_______________________________




Before REAVIS and CAMPBELL, JJ. and BOYD, S.J. (1)

MEMORANDUM OPINION


 This is an appeal from an order granting appellee American State Bank's Rule 202
Petition for Deposition to Obtain Testimony and an order denying appellants Scott Wade
and Kenny Willmon's Motions to Transfer Venue. Finding we have no jurisdiction over the
appeal, we will dismiss it.

 American State Bank ("ASB") filed a petition under Rule of Civil Procedure 202
seeking an order for the depositions of Wade and Willmon, former officers of ASB. Wade
and Willmon filed separate motions to transfer venue to Hockley County and answers
subject to the motions. ASB later filed an amended Rule 202 petition.

 The trial court denied Wade and Willmon's motions to transfer venue following a
hearing. After a later hearing on the amended Rule 202 petition, the court issued an order 
authorizing ASB to take the deposition testimony by written questions only of Wade and
Willmon with the "questions to be limited to factual matters in the present knowledge of the
witnesses and which will not contain requests to present documents, name theories,
identify other witnesses, name experts or anything else but factual recitations."

 Wade and Willmon raise the following five issues on appeal: (1) whether venue
should have been transferred to Hockley County, where all the potential defendants reside;
(2) whether a finding of venue in a Rule 202 proceeding fixes venue in a subsequently filed
action on the subject matter on which a Rule 202 deposition is ordered; (3) whether the trial
court erred in ordering Wade and Willmon's depositions without making any findings as
required by Rule 202.4; (4) whether the trial court could make any findings as required by
Rule 202.4 where the petitioner presented only argument and no evidence; and (5) whether
a Rule 202 deposition may be taken to investigate a claim where the petition specifically
states that a suit is anticipated but the plain language of the rule permits a deposition only
to perpetuate testimony if suit is anticipated.

 We begin with Wade and Willmon's third, fourth and fifth issues, which ask us to
determine whether the trial court properly applied Rule of Civil Procedure 202. ASB initially
contends the issues are not appealable, and we agree. 

 Rule 202 provides that a person may petition the court for an order authorizing the
taking of a deposition on oral examination or written questions either:

 (a) to perpetuate or obtain the person's own testimony or that of any other
person for use in an anticipated suit; or

 (b) to investigate a potential claim or suit.

TEX. R. CIV. P. 202.1. The comments to Rule 202 (2) indicate that the rule "applies to all
discovery before suit covered by former rules governing depositions to perpetuate
testimony and bills of discovery." TEX. R. CIV. P. 202 cmt. 1. Rule 202 is "a rewrite of
former Rule 187 that is broadened somewhat to expressly permit discovery depositions
prior to suit and to investigate potential claims." Nathan L. Hecht & Robert H. Pemberton,
A Guide to the 1999 Texas Discovery Rules Revisions (Nov. 11, 1998)
<http://adrr.com/law1/rules.htm>. To this extent, Rule 202 replaces and limits the "bill of
discovery" of repealed Rule 737. Id. In other words, Rule 202 is "an attempt to combine
former Rule 187, which provided for orders authorizing depositions to perpetuate testimony
in anticipated suits under tightly controlled conditions, and former Rule 737, a relatively
open-ended equitable procedure that predated the modern era of expansive discovery by
request." Alex Wilson Albright, Charles Herring, Jr. & Robert H. Pemberton, Handbook on
Texas Discovery Practice: The New Rules Governing Discovery, § 16.4 (2004). 

 We initially consider whether ASB's Rule 202 petition should be treated as one to
perpetuate or obtain testimony for use in an anticipated suit or as one to investigate a
potential claim. TEX. R. CIV. P. 202.1. Wade and Willmon contend ASB was investigating
a potential claim through its Rule 202 petition. They point to language in ASB's amended
petition stating the depositions were needed to enable ASB to determine "the proper parties
against whom suit should be commenced, if at all," and stating that ASB "does not know
if a claim should be pursued, or against whom exactly a claim should be pursued ...." 
Wade and Willmon also point to representations of ASB's counsel at the venue and Rule
202 petition hearings that the bank did not know whether it had a claim and wanted the
depositions to determine whether it could file suit without violating its Rule 13 (3) obligations. 

 ASB's petition, however, states, "Petitioner anticipates the institution of a suit in
which it may be a party." It refers two more times to the "anticipated" action or suit. (4) The
petition contains the information required by Rule 202.2(f) when suit is anticipated,
identifying Wade, Willmon and AIM Bancshares, Inc. as persons or entities ASB expects
to have interests adverse to its interests. We find that the Rule 202 petition was filed in
anticipation of institution of suit. 

 Under former Rule 187, orders granting pre-suit depositions to perpetuate testimony
were not independently appealable because they were considered ancillary to an existing
or anticipated suit. See, e.g., Office Employees Int'l Union Local 277 v. Southwestern Drug
Corp., 391 S.W.2d 404, 406-07 (Tex. 1965). Under former Rule 187, the taking of a
deposition was not an end within itself but was in aid of a suit which was anticipated and
was, therefore, ancillary to the anticipated suit. Id. at 406. Similarly, under former Rule
737, when a bill of discovery was brought against a party against whom a suit was
specifically contemplated, the bill of discovery order also was not final and not appealable. 
Equitable Trust Co. v. Jackson, 101 S.W.2d 552, 553 (Tex. 1937); Jacintoport Corp. v.
Almanza, 987 S.W.2d 901, 902 (Tex. App.-Houston [14th Dist.] 1999, no pet.). The order
could not be appealed until a final judgment was rendered in the contemplated suit. 
Jacintoport, 987 S.W.2d at 902.

 Generally, we may consider appeals only from final orders or judgments. Jack B.
Anglin Co., Inc. v. Tipps, 842 S.W.2d 266, 270 (Tex. 1992); see Lehmann v. Har-Con
Corp., 39 S.W.3d 191, 195 (Tex. 2001). We have jurisdiction over an interlocutory appeal
only when expressly provided by statute. Stary v. DeBord, 967 S.W.2d 352, 352-53 (Tex.
1998) (per curiam).

 Considering case law under former Rules 187 and 737, Office Employees, 391
S.W.2d at 406-07; Jacintoport, 987 S.W.2d at 902, and because no statute authorizes an
interlocutory appeal from an order granting a deposition to obtain testimony of a person
against whom a suit is anticipated, we conclude the order granting the Rule 202 petition is
not appealable and, therefore, the manner in which the trial court applied Rule 202 is not
subject to appeal in this case. Office Employees, 391 S.W.2d at 407 (stating "we find no
other statute or rule which makes interlocutory orders of the nature of the one here under
review appealable"); see Tandem Energy Corp. v. State of Texas, 2003 WL 22349032, *1
(Tex App.-Houston [14th Dist.] Oct. 16, 2003, no pet.). 

 In their first issue on appeal, Wade and Willmon ask us to determine whether the
trial court erred when it denied their motions to transfer venue to Hockley County, where
they reside. As noted, our jurisdiction over interlocutory appeals is limited to that expressly
provided by statute. Stary, 967 S.W.2d at 352-53. No statute provides for interlocutory
appeal of venue rulings in proceedings filed under Rule 202. As the parties in this case
recognize, the general venue statute provides for appellate review of venue determinations
after a trial on the merits and expressly disallows interlocutory appeal of such
determinations. TEX. CIV. PRAC. & REM. CODE § 15.064; see American Home Products
Corp. v. Clark, 38 S.W.3d 92, 95 (Tex. 2000). See also TEX. R. CIV. P. 87 (stating that "[i]f
venue has been sustained as against a motion to transfer . . . [t]here shall be no
interlocutory appeals from such determination"). It follows from our conclusion that ASB's
Rule 202 petition is ancillary to its anticipated suit that no trial on the merits has yet
occurred. We lack jurisdiction to review the trial court's order denying Wade and Willmon's
motions to transfer venue of that proceeding.

 In their second issue on appeal, Wade and Willmon ask this court to determine
whether a venue determination in a Rule 202 proceeding fixes venue in a subsequently
filed action on the subject matter on which a Rule 202 deposition is ordered. Our
conclusion we do not have jurisdiction in this appeal to review the trial court's ruling on
venue precludes our review of this issue as well. TEX. CIV. PRAC. & REM. CODE
§15.064(a); TEX. R. CIV. P. 87. In addition, we would lack jurisdiction over Wade and
Willmon's second issue because it is not yet ripe for review. 

 Ripeness is an element of subject matter jurisdiction. Mayhew v. Town of
Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998), cert. denied, 526 U.S. 1144 (1999). As
such, ripeness is an issue that a court may raise sua sponte. Id.; Texas Ass'n of Business
v. Texas Air Control Bd., 852 S.W.2d 440, 444-45 (Tex. 1993). Here, the record before us
reflects no subsequently filed action on the subject matter of ASB's Rule 202 petition. 
Therefore, any opinion would be merely advisory and prohibited. Id.; see also Public Util.
Comm'n v. Houston Lighting & Power Co., 748 S.W.2d 439, 442 (Tex. 1987).

 Finding we have no jurisdiction to consider any of appellants' issues, we dismiss the
appeal. 

 

 James T. Campbell

 Justice





 
1. 
 
2. 
 " 
 " 
 
 
 
3. 
 
4.