NO. 07-03-0483-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

AUGUST 16, 2005

_____

IN RE PETITION OF AMERICAN STATE BANK
TO OBTAIN TESTIMONY OF SCOTT WADE AND KENNY WILLMON
TO INVESTIGATE A POTENTIAL CLAIM BY PETITIONER
_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-521,792; HONORABLE JOHN FORBIS, JUDGE
_____

Before REAVIS and CAMPBELL, JJ. and BOYD, S.J. [1]

**MEMORANDUM OPINION**

This is an appeal from an order granting appellee American State Bank's Rule 202 Petition for Deposition to Obtain Testimony and an order denying appellants Scott Wade and Kenny Willmon's Motions to Transfer Venue. Finding we have no jurisdiction over the appeal, we will dismiss it.

American State Bank ("ASB") filed a petition under Rule of Civil Procedure 202 seeking an order for the depositions of Wade and Willmon, former officers of ASB. Wade

_____

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

and Willmon filed separate motions to transfer venue to Hockley County and answers subject to the motions. ASB later filed an amended Rule 202 petition.

The trial court denied Wade and Willmon's motions to transfer venue following a hearing. After a later hearing on the amended Rule 202 petition, the court issued an order authorizing ASB to take the deposition testimony by written questions only of Wade and Willmon with the "questions to be limited to factual matters in the present knowledge of the witnesses and which will not contain requests to present documents, name theories, identify other witnesses, name experts or anything else but factual recitations."

Wade and Willmon raise the following five issues on appeal: (1) whether venue should have been transferred to Hockley County, where all the potential defendants reside; (2) whether a finding of venue in a Rule 202 proceeding fixes venue in a subsequently filed action on the subject matter on which a Rule 202 deposition is ordered; (3) whether the trial court erred in ordering Wade and Willmon's depositions without making any findings as required by Rule 202.4; (4) whether the trial court could make any findings as required by Rule 202.4 where the petitioner presented only argument and no evidence; and (5) whether a Rule 202 deposition may be taken to investigate a claim where the petition specifically states that a suit is anticipated but the plain language of the rule permits a deposition only to perpetuate testimony if suit is anticipated.

We begin with Wade and Willmon's third, fourth and fifth issues, which ask us to determine whether the trial court properly applied Rule of Civil Procedure 202. ASB initially contends the issues are not appealable, and we agree.

Rule 202 provides that a person may petition the court for an order authorizing the taking of a deposition on oral examination or written questions either:

(a) to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit; or

(b) to investigate a potential claim or suit.

TEX. R. CIV. P. 202.1. The comments to Rule 202[2] indicate that the rule "applies to all discovery before suit covered by former rules governing depositions to perpetuate testimony and bills of discovery." TEX. R. CIV. P. 202 cmt. 1. Rule 202 is "a rewrite of former Rule 187 that is broadened somewhat to expressly permit discovery depositions prior to suit and to investigate potential claims." Nathan L. Hecht & Robert H. Pemberton, *A Guide to the 1999 Texas Discovery Rules Revisions* (Nov. 11, 1998) <http://adrr.com/law1/rules.htm>. To this extent, Rule 202 replaces and limits the "bill of discovery" of repealed Rule 737. *Id*. In other words, Rule 202 is "an attempt to combine former Rule 187, which provided for orders authorizing depositions to perpetuate testimony in anticipated suits under tightly controlled conditions, and former Rule 737, a relatively open-ended equitable procedure that predated the modern era of expansive discovery by request." Alex Wilson Albright, Charles Herring, Jr. & Robert H. Pemberton, *Handbook on Texas Discovery Practice: The New Rules Governing Discovery*, § 16.4 (2004).

---

[2]The notes and comments appended to the 1999 revision of the Texas Rules of Civil Procedure are not merely advisory, but "are intended to inform the construction and application of these rules by both courts and practitioners." 977 S.W.2d XXXIII; *Approval of Revisions to the Texas Rules of Civil Procedure*, 11 TEX. B. J. 1140 (1998); Nathan L. Hecht & Robert H. Pemberton, *A Guide to the 1999 Texas Discovery Rules Revisions* (Nov. 11, 1998) <http://adrr.com/law1/rules.htm>.

We initially consider whether ASB's Rule 202 petition should be treated as one to perpetuate or obtain testimony for use in an anticipated suit or as one to investigate a potential claim. TEX. R. CIV. P. 202.1. Wade and Willmon contend ASB was investigating a potential claim through its Rule 202 petition. They point to language in ASB's amended petition stating the depositions were needed to enable ASB to determine "the proper parties against whom suit should be commenced, if at all," and stating that ASB "does not know if a claim should be pursued, or against whom exactly a claim should be pursued ...." Wade and Willmon also point to representations of ASB's counsel at the venue and Rule 202 petition hearings that the bank did not know whether it had a claim and wanted the depositions to determine whether it could file suit without violating its Rule 13[3] obligations.

ASB's petition, however, states, "Petitioner anticipates the institution of a suit in which it may be a party." It refers two more times to the "anticipated" action or suit.[4] The petition contains the information required by Rule 202.2(f) when suit is anticipated, identifying Wade, Willmon and AIM Bancshares, Inc. as persons or entities ASB expects to have interests adverse to its interests. We find that the Rule 202 petition was filed in anticipation of institution of suit.

Under former Rule 187, orders granting pre-suit depositions to perpetuate testimony were not independently appealable because they were considered ancillary to an existing

---

[3] *See* TEX. R. CIV. P. 13 (authorizing sanctions for filing of groundless claims brought in bad faith or for the purpose of harassment).

[4] Too, although the record contains the statements of counsel for ASB to which appellants refer, counsel also stated to the trial court on numerous occasions at the hearing on the motions to transfer venue and the Rule 202 petition hearing that suit is anticipated.

or anticipated suit.  *See, e.g.*, *Office Employees Int'l Union Local 277 v. Southwestern Drug Corp.*, 391 S.W.2d 404, 406-07 (Tex. 1965).  Under former Rule 187, the taking of a deposition was not an end within itself but was in aid of a suit which was anticipated and was, therefore, ancillary to the anticipated suit.  *Id.* at 406.  Similarly, under former Rule 737, when a bill of discovery was brought against a party against whom a suit was specifically contemplated, the bill of discovery order also was not final and not appealable.  *Equitable Trust Co. v. Jackson*, 101 S.W.2d 552, 553 (Tex. 1937); *Jacintoport Corp. v. Almanza*, 987 S.W.2d 901, 902 (Tex. App.–Houston [14th Dist.] 1999, no pet.).  The order could not be appealed until a final judgment was rendered in the contemplated suit.  *Jacintoport*, 987 S.W.2d at 902.

Generally, we may consider appeals only from final orders or judgments.  *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 270 (Tex. 1992); *see Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).  We have jurisdiction over an interlocutory appeal only when expressly provided by statute.  *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998) (per curiam).

Considering case law under former Rules 187 and 737, *Office Employees*, 391 S.W.2d at 406-07; *Jacintoport*, 987 S.W.2d at 902, and because no statute authorizes an interlocutory appeal from an order granting a deposition to obtain testimony of a person against whom a suit is anticipated, we conclude the order granting the Rule 202 petition is not appealable and, therefore, the manner in which the trial court applied Rule 202 is not subject to appeal in this case.  *Office Employees*, 391 S.W.2d at 407 (stating "we find no other statute or rule which makes interlocutory orders of the nature of the one here under

5

review appealable"); *see Tandem Energy Corp. v. State of Texas*, 2003 WL 22349032, *1 (Tex App.–Houston [14th Dist.] Oct. 16, 2003, no pet.).

In their first issue on appeal, Wade and Willmon ask us to determine whether the trial court erred when it denied their motions to transfer venue to Hockley County, where they reside. As noted, our jurisdiction over interlocutory appeals is limited to that expressly provided by statute. *Stary*, 967 S.W.2d at 352-53. No statute provides for interlocutory appeal of venue rulings in proceedings filed under Rule 202. As the parties in this case recognize, the general venue statute provides for appellate review of venue determinations after a trial on the merits and expressly disallows interlocutory appeal of such determinations. TEX. CIV. PRAC. & REM. CODE § 15.064; *see American Home Products Corp. v. Clark*, 38 S.W.3d 92, 95 (Tex. 2000). *See also* TEX. R. CIV. P. 87 (stating that "[i]f venue has been sustained as against a motion to transfer . . . [t]here shall be no interlocutory appeals from such determination"). It follows from our conclusion that ASB's Rule 202 petition is ancillary to its anticipated suit that no trial on the merits has yet occurred. We lack jurisdiction to review the trial court's order denying Wade and Willmon's motions to transfer venue of that proceeding.

In their second issue on appeal, Wade and Willmon ask this court to determine whether a venue determination in a Rule 202 proceeding fixes venue in a subsequently filed action on the subject matter on which a Rule 202 deposition is ordered. Our conclusion we do not have jurisdiction in this appeal to review the trial court's ruling on venue precludes our review of this issue as well. TEX. CIV. PRAC. & REM. CODE

6

§15.064(a); TEX. R. CIV. P. 87. In addition, we would lack jurisdiction over Wade and Willmon's second issue because it is not yet ripe for review.

Ripeness is an element of subject matter jurisdiction. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998), *cert. denied*, 526 U.S. 1144 (1999). As such, ripeness is an issue that a court may raise *sua sponte*. *Id.*; *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 444-45 (Tex. 1993). Here, the record before us reflects no subsequently filed action on the subject matter of ASB's Rule 202 petition. Therefore, any opinion would be merely advisory and prohibited. *Id.*; *see also Public Util. Comm'n v. Houston Lighting & Power Co.*, 748 S.W.2d 439, 442 (Tex. 1987).

Finding we have no jurisdiction to consider any of appellants' issues, we dismiss the appeal.


James T. Campbell
Justice