# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-19-00005-CV
NO. 03-19-00006-CV

**Jerry Lavone Lively Jr., Appellant**

**v.**

**Michelle Anne Lively, Appellee**

FROM THE DISTRICT COURT OF COMAL COUNTY, 274TH JUDICIAL DISTRICT
NO. C2017-1208C, HONORABLE DIB WALDRIP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Jerry Lavone Lively Jr. filed notices of appeal seeking to challenge the district court's interlocutory order granting his wife's motion to compel discovery and impose sanctions and an order granting his counsel's motion to withdraw.[1]   However, we may not exercise appellate jurisdiction without a final judgment or otherwise appealable order.  *See* Tex. Civ. Prac. & Rem. Code § 51.014; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).

We requested that Lively file a written response demonstrating this Court's jurisdiction over these appeals.  His filed response did not demonstrate this Court's jurisdiction but questioned the constitutionality of the statute permitting only certain interlocutory appeals.  *See* Tex. Civ. Prac. & Rem. Code § 51.014; *Jacintoport Corp. v. Almanza*, 987 S.W.2d 901, 903 (Tex.

---

[1]  Lively's new trial counsel filed an appearance in the underlying cause on January 8, 2019.

App.—Houston [14th Dist.] 1999, no pet.) (dismissing appeal for want of jurisdiction because challenge to interlocutory order granting motion for sanctions "must await a final judgment disposing of all issues between the parties"); *Pelt v. State Bd. of Ins.*, 802 S.W.2d 822, 827 (Tex. App.—Austin 1990, no writ) ("It has long been held that a discovery order is interlocutory in nature and therefore non-appealable, in the absence of express statutory authority, until after final judgment may be rendered on the merits of the primary dispute."); *see also Davis v. Alcatel USA, Inc.*, No. 05-07-00060-CV, 2007 Tex. App. LEXIS 1079, at *1 (Tex. App.—Dallas Feb. 15, 2007, no pet.) (mem. op.) ("An order granting a motion to withdraw as counsel is not an appealable interlocutory order."); *Mock v. Mock*, No. 01-10-00436-CV, 2011 Tex. App. LEXIS 324, at *2 (Tex. App.—Houston [1st Dist.] Jan. 13, 2011, no pet.) (mem. op.) (concluding that court lacked jurisdiction over husband's interlocutory appeal of order granting his wife's motion to compel discovery).

Accordingly, we dismiss these appeals for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Gisela D. Triana, Justice

Before Justices Goodwin, Baker, and Triana

Dismissed for Want of Jurisdiction

Filed: February 28, 2019

2