Dan THOMAS, Appellant,

v.

Walter FITZGERALD, Appellee.

No. 10–03–00195–CV.

Court of Appeals of Texas, Waco.

April 6, 2005.

 

Dan Thomas, Rosharon, pro se.

Walter Fitzgerald, Gatesville, pro se.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

PER CURIAM.

Dan Thomas appeals the trial court's dismissal of his petition for deposition to perpetuate testimony. Because the underlying order is interlocutory and because this appeal is not authorized by statute, we will dismiss the appeal.

■ Rule of Civil Procedure 202.1 permits the taking of depositions to perpetuate a person's testimony "for use in an anticipated suit" or "to investigate a potential claim or suit." A person obtains such a deposition by filing a petition with a proper court. *See* Tex.R. Civ. P. 202.1, 202.2. The court's ruling on the petition constitutes a final, appealable order if the petition seeks discovery from a third party against whom a suit is not contemplated. *Ross Stores, Inc. v. Redken Laboratories, Inc.*, 810 S.W.2d 741, 742 (Tex.1991) (per curiam) (citing *Dallas Jt. Stock Land Bank v. Rawlins*, 129 S.W.2d 485 (Tex.Civ. App.-Dallas 1939, orig. proceeding)); *Valley Baptist Med. Ctr. v. Gonzalez*, 18 S.W.3d 673, 676–77 (Tex.App.-Corpus Christi 1999), *pet. granted, judgm't vacated w.r.m.*, 33 S.W.3d 821 (Tex.2000) (per curiam); *Jacintoport Corp. v. Almanza*, 987 S.W.2d 901, 902 (Tex.App.-Houston [14th Dist.] 1999, no pet.).

■ Conversely, the ruling is interlocutory if discovery is sought from a person "against whom there is a suit pending or against whom a suit is specifically contemplated." *Jacintoport Corp.*, 987 S.W.2d at 902; *accord Valley Baptist Med. Ctr.*, 18 S.W.3d at 676–77. In that instance, the order cannot be appealed until a final judgment is rendered in the pending or contemplated suit. *Jacintoport Corp.*, 987 S.W.2d at 902 (citing *Dallas Jt. Stock Land Bank*, 129 S.W.2d at 487); *accord Valley Baptist Med. Ctr.*, 18 S.W.3d at 677.

■ Here, Thomas states in his petition that he "anticipates a lawsuit in which he is the plaintiff against correctional officer—Walter Fitzgerald." He seeks Fitzgerald's deposition to determine "the merit of the anticipated lawsuit."

Thomas's deposition petition plainly seeks discovery from Fitzgerald in contemplation of a suit against Fitzgerald. Thus, the trial court's order dismissing the petition is not a final, appealable judgment.

The Clerk of this Court notified Thomas by letter that his appeal appears subject to dismissal for want of jurisdiction because it is brought from an interlocutory order. *See* Tex.R.App. P. 42.3(a). Thomas requested and received an extension of time to respond to this notice. However, he has failed to file a response.

■ This Court has jurisdiction over an interlocutory appeal only when expressly provided by statute. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex.1998) (per curiam); *Chase Manhattan Bank v. Bowles*, 52 S.W.3d 871, 878 (Tex.App.-Waco 2001, no pet.). Because no statute authorizes an

748

interlocutory appeal from an order denying a deposition to perpetuate the testimony of a person against whom a suit is pending or contemplated, we do not have jurisdiction over this appeal.

Accordingly, we dismiss the appeal.