**IFS SECURITY GROUP, INC. d/b/a Ameritex Guard Services, Appellant**

**v.**

**AMERICAN EQUITY INSURANCE COMPANY, Appellee.**

No. 05–04–01446–CV.

Court of Appeals of Texas, Dallas.

Oct. 31, 2005.

Charles M. Noteboom, The Noteboom Law Firm, Hurst, for appellant.

D. Bradley Kizzia, Amy L. Saberian, Strasburger & Price, LLP, Dallas, for appellee.

Before Justices WHITTINGTON, FRANCIS, and LANG.

## OPINION

Opinion by Justice LANG.

IFS Security Group, Inc. d/b/a Ameritex Guard Services appeals the trial court's order denying its petition to take the deposition of an American Equity Insurance Company employee to investigate potential claims for breach of contract, negligence, lack of good faith and fair dealing, and violations of the Texas Insurance Code. *See* Tex.R. Civ. P. 202.

Ameritex raises generally two issues on appeal: (1) the trial court erred when it applied a summary judgment standard to Ameritex's rule 202 petition; and (2) the trial court erred when it required the parties to litigate substantive matters of law

during the hearing on Ameritex's rule 202 petition.

In this case, as a threshold question, we must determine whether an order pursuant to Texas Rule of Civil Procedure 202 denying a party's request to take the deposition of an employee of the corporation, against whom a lawsuit is contemplated, is a final, appealable order. We conclude the trial court's order rejecting Ameritex's rule 202 petition is not a final, appealable order. We dismiss this appeal for lack of jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Ameritex is a private security service insured by American Equity, which contracted to provide security guards for a retail business. An employee of the retailer was murdered while working, and Ameritex was sued by the employee's survivors for wrongful death. A settlement was reached in that lawsuit.

Ameritex filed a petition to take the deposition of an American Equity employee to investigate potential claims for breach of contract, negligence, lack of good faith and fair dealing, and violations of the Texas Insurance Code in an anticipated lawsuit against American Equity. Ameritex alleged these potential claims arise from American Equity's handling of Ameritex's claim for coverage on its insurance policy in connection with the wrongful death claims. After a hearing, the trial court denied Ameritex's petition to depose the American Equity employee. The trial court issued findings of fact and conclusions of law stating Ameritex failed to show that allowing Ameritex to take the requested deposition may prevent a failure or delay of justice in the anticipated lawsuit, or that the benefit of taking the requested deposition to investigate the potential claims outweighed the burden or

expense of the procedure. *See* TEX.R. CIV. P. 202.4.

## II. APPELLATE JURISDICTION

Ameritex argues that because the deponent is not an anticipated party to any future lawsuit, the trial court's order denying its petition to take the deposition of an American Equity employee pursuant to Texas Rule of Civil Procedure 202 is a final, appealable order. American Equity responds that we have no jurisdiction to review this appeal because Ameritex's rule 202 petition was denied and there is no case that holds the denial of a petition to take a presuit deposition is a final, appealable order. Rather, American Equity posits the case law addresses only the granting of such orders. Although we agree with American Equity that the order of the trial court is not a final, appealable order, and we conclude we have no jurisdiction to hear this appeal, we do not agree with American Equity's reasoning leading to that result.

### A. Standard of Review

■ An appellate court reviews whether it has jurisdiction over an appeal de novo because jurisdiction is a legal question. *See Parks v. DeWitt County Elec. Coop., Inc.*, 112 S.W.3d 157, 160 (Tex. App.-Corpus Christi 2003, no pet.) (citing *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998)). If the record does not affirmatively demonstrate the appellate court's jurisdiction, the appeal must be dismissed. *See Parks*, 112 S.W.3d at 160.

### B. Applicable Law

■ An appellate court's jurisdiction is established exclusively by constitutional and statutory enactments. *See, e.g.*, TEX. CONST. art. V, § 6; TEX. GOV'T CODE ANN. § 22.220 (Vernon 2004 & Supp.2005). As a general rule, an appeal may be taken only from a final judgment. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (discussing finality of summary judgment order).

Texas Rule of Civil Procedure 202 provides that a person may petition the court for an order authorizing the taking of a deposition on oral examination or written questions either: (1) to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit; or (2) to investigate a potential claim or suit. *See* TEX.R. CIV. P. 202.1. Texas Rule of Civil Procedure 202 applies to all discovery before a lawsuit is filed. Prior to 1999, when rule 202 was promulgated, this subject was covered by former rule 187 governing depositions to perpetuate testimony and former rule 737 governing bills of discovery. *See* TEX.R. CIV. P. 202 cmt. 1.[1] Accordingly, courts may use previous interpretations of former rules 187 and 737 to aid their interpretation of rule 202.

■ Under the former rules, an order granting a request for presuit discovery from a third party who is not contemplated as a potential party to a lawsuit is a final, appealable order because it resolves all discovery issues between the parties. *See Ross Stores, Inc. v. Redken Lab., Inc.*, 810 S.W.2d 741, 742 (Tex.1991) (discussing bill of discovery under repealed rule 737); *Dallas Joint Stock Land Bank v. Rawlins*, 129 S.W.2d 485, 487 (Tex.Civ.App.-Dallas 1939, orig. proceeding) (discussing bill of discovery), *cited with approval in Dallas*

---

1. The notes and comments to the amended discovery rules are intended to inform the construction and interpretation of the rules. Nathan L. Hecht & Robert H. Pemberton, *A Guide to the 1999 Texas Discovery Rules Revisions*, Nov. 11, 1998, G–4, http://www.supreme. courts.state.tx.us/ rules/tdr/disccle37.pdf.

*Joint Stock Land Bank v. State ex rel. Cobb,* 135 Tex. 25, 31, 137 S.W.2d 993, 996 (Tex.1940) (discussing bill of discovery); *cf. Vega v. Davila,* 31 S.W.3d 376, 378 (Tex. App.-Corpus Christi 2000, no pet.) (discussing denial of motion to quash); *Pelt v. State Bd. of Ins.,* 802 S.W.2d 822, 827–28 (Tex.App.-Austin 1990, no writ) (concluding no jurisdiction to review respondent's appeal of order denying motion to quash subpoena duces tecum of nonparty to administrative proceeding because order not final and appealable, but distinguishing from action in equity against third party to determine whether action maintainable against another party). Likewise, an order pursuant to rule 202 allowing discovery against a third party not liable to the petitioner would be final for purposes of appeal. *See Thomas v. Fitzgerald,* 166 S.W.3d 746, 747 (Tex.App.-Waco 2005, no pet.).

■ However, an order under the former rules granting a request for presuit discovery from a party against whom a lawsuit is pending or contemplated is not a final, appealable order because it is in aid of and incident to the anticipated suit. *See Office Empl. Int'l Union Local 277, AFL–CIO v. Sw. Drug Corp.,* 391 S.W.2d 404, 405–06 (Tex.1965) (discussing deposition to perpetuate discovery under former rule 187 and commenting that question whether order *denying* right to presuit deposition is final and appealable is not before court); *Jacintoport Corp. v. Almanza,* 987 S.W.2d 901, 903 (Tex.App.-Houston [14th Dist.] 1999, no pet.) (discussing order imposing sanctions for failure to produce documents pursuant to bill of discovery); *In re Petition of Am. State Bank to Obtain Testimony of Wade & Willmon to Investigate a Potential Claim by Petitioner,* No. 07–03–0483–CV, 2005 WL 1967262, *3 (Tex.App.-

Amarillo Aug. 16, 2005, pet. filed) (discussing rule 202). Similarly, an order pursuant to rule 202 allowing presuit discovery incident and ancillary to a contemplated lawsuit against the party from whom the discovery is sought is not a final, appealable order. *See Thomas,* 166 S.W.3d at 747–48.

## C. Application of the Law to the Facts

■ Ameritex's rule 202 petition is styled *IFS Security Group, Inc. d/b/a Ameritex Guard Services v. American Equity Insurance Company.* In the petition, Ameritex requests the oral deposition of an American Equity employee who it alleges has "firsthand knowledge" of American Equity's "handling" of its insurance claim. The petition states Ameritex seeks to investigate potential claims for breach of contract, negligence, lack of good faith and fair dealing, and violations of the Texas Insurance Code, arising from the "handling" of a claim made by Ameritex under a policy issued by American Equity. Also, it states Ameritex anticipates a lawsuit against American Equity. Further, the petition contains a request for the issuance of a subpoena duces tecum that would require the American Equity employee to produce: (1) the complete file concerning claims filed by Ameritex with American Equity or its affiliates concerning the incident on February 7, 2000; (2) all of American Equity's written policies and procedures concerning the handling of claims; and (3) all of American Equity's written policies and procedures concerning reservation of rights.

Ameritex relies on the reported cases[2] of *Ross, Rawlins, Jacintoport,* and *Vega* to support its argument that a trial court's order on a rule 202 petition is a final,

**2.** Ameritex also cites to opinions that are not designated for publication. Opinions not designated for publication have no precedential value. *See* Tex.R.App. P. 47.7.

appealable order. *See Vega*, 31 S.W.3d 376. These cases are distinguishable from the facts of this appeal.

In *Ross*, Redken Laboratories filed a bill of discovery pursuant to former Texas Rule of Civil Procedure 737 seeking to take the deposition of Ross with a view toward filing a lawsuit against the suppliers of Redken products to Ross. *See Ross*, 810 S.W.2d at 741–42. The trial court ordered Ross to give its deposition and to produce documents related to how it obtained Redken products. *See id.* at 742. The Texas Supreme Court determined that the bill of discovery order was final and appealable because there was no pending lawsuit against Ross and no such lawsuit was contemplated. *See id.*

In *Rawlins*, the State of Texas filed a bill of discovery pursuant to former Texas Rule of Civil Procedure 737 seeking the names and addresses of Dallas Joint Stock Land Bank's stockholders in order to demand payment and, if necessary, sue those stockholders for the recovery of taxes. *See Rawlins*, 129 S.W.2d at 485–86. The trial court ordered Dallas Joint Stock Land Bank to answer the interrogatories. *See id.* at 486. Dallas Joint Stock Land Bank gave notice of appeal, but the trial judge refused to set the amount of the supersedeas bond because he believed the order was interlocutory and not appealable. *See id.* As a result, Dallas Joint Stock Land Bank filed a petition for mandamus. *See id.* The court of appeals concluded the order was final and appealable because no other relief was sought or contemplated against Dallas Joint Stock Land Bank and issued a writ of mandamus ordering the trial judge to set the amount of the supersedeas bond so Dallas Joint Stock Land Bank could appeal the order. *See id.* at 487.

In *Jacintoport*, an injured worker filed a bill of discovery pursuant to former Texas Rule of Civil Procedure 737 seeking to clarify the identity of his employer and potentially responsible third parties. *Jacintoport*, 987 S.W.2d at 902. A representative of the corporation failed to appear for Jacintoport's deposition. *Id.* The trial court ordered Jacintoport to comply, and the petitioner filed a lawsuit against Jacintoport. *Id.* at 902–03. When Jacintoport failed to comply with the trial court's order, the trial court imposed sanctions. *Id.* at 902. Jacintoport appealed the trial court's order imposing sanctions. *Id.* The court determined that the bill of discovery order was not final and appealable because the express language of the petition in the nature of a bill of discovery contemplated a lawsuit against Jacintoport, and a lawsuit was pending when the sanctions were ordered. *Id.* at 903.

Our review of *Ross* and *Rawlins* leads us to conclude they are distinguishable from the facts of this case. In those cases, there was no employer and employee relationship between the party from whom the discovery was sought and the party against whom the litigation was anticipated. Instead, the parties from whom the discovery was sought were third parties, apparently independent of the proposed defendant or defendants, who were believed to possess facts relevant to the anticipated lawsuits. Additionally, *Jacintoport* is not factually similar to the case before us because Jacintoport was an anticipated defendant, a lawsuit was actually filed against it, and the order appealed was the trial court's order imposing sanctions, not the order to appear for the deposition.

In *Vega*, Mr. and Mrs. Vega were served with subpoenas to take their depositions in a pending case alleging tortious interference with a contract filed by their former attorney against three different persons. *Vega*, 31 S.W.3d at 377–78. Mr. and Mrs. Vega filed a motion to quash the deposi-

tions, which the trial court denied. *Id.* at 378. The Vegas appealed. The court of appeals determined the trial court's order denying the Vegas' motion to quash the depositions was a final, appealable order because they were not parties to the pending lawsuit and no lawsuit against the Vegas was contemplated. *See id.* at 378, 380–81. The court of appeals also determined the trial court could require the Vegas to attend the depositions. *See id.*

In *Vega,* the court of appeals determined an order denying a motion to quash the discovery of the third-party deponents against whom no lawsuit was anticipated was final and appealable. However, *Vega* is distinguishable from the facts of this case because it involves a discovery dispute in a pending lawsuit. Also, in *Vega,* there was no employer and employee relationship between Mr. and Mrs. Vega and their former attorney.

In this case, we are presented with a record that discloses the witness is the employee of the anticipated defendant. No other facts are described in the record which could reflect any other status of the witness. Moreover, not only does Ameritex seek to depose an employee of American Equity, it requests that the witness be subpoenaed to produce documents clearly described as American Equity's documents. There is no contention that these documents are anything other than documents directly pertinent to the potential claims of Ameritex against American Equity. Finally, the style of the petition seeking the presuit deposition is clearly against American Equity, not the employee.

▪ We observe that a corporation acts only through its human agents or employees. *See Nat'l Med. Enters., Inc. v. Godbey,* 924 S.W.2d 123, 124 (Tex.1996). Further, the Texas Rules of Civil Procedure relating to discovery contemplate that when a corporation appears for its deposi-

tion, it is to designate representatives with knowledge of the matters about which inquiry will be made. *See* Tex.R. Civ. P. 199.2(b)(1), 200.1(b). Accordingly, because the substance of Ameritex's rule 202 petition is to discover the facts from American Equity about its handling of the insurance claim, it follows that, based on the record before us, the person with that knowledge is the American Equity employee Ameritex seeks to depose.

Accordingly, we conclude the trial court's order denying Ameritex's rule 202 petition to take the presuit deposition of an American Equity employee is not a final, appealable order because it is in aid of and incident to the contemplated lawsuit against American Equity.

### III. CONCLUSION

The trial court's order denying Ameritex's rule 202 petition to take the presuit deposition of an American Equity employee is not a final, appealable order.

This appeal is dismissed for lack of jurisdiction.