COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-433-CV

 

 

IN RE JEFFERY LYNN POTEETE

 

                                                                                                        

                                                    

 

                                              ------------

 

            FROM
THE 96TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Jeffrey Lynn Poteete is
attempting to appeal the trial court=s order dismissing his petition for discovery under Texas Rule of
Civil Procedure 202. We dismiss the appeal for want of jurisdiction.








Rule 202.1 permits the taking
of a deposition to perpetuate a person's testimony Afor use in an anticipated suit@ or Ato
investigate a potential claim or suit.@[2]  A person obtains such a
deposition by filing a petition in a proper court.[3]  The court=s ruling on the petition is a final, appealable order if the petition
seeks discovery from a third party against whom a suit is not contemplated.[4]  Conversely, the ruling is interlocutory if discovery
is sought from a person against whom there is a suit pending or against whom a
suit is specifically contemplated.[5]  In that instance, the order cannot be
appealed until a final judgment is rendered in the pending or contemplated
suit.[6]








In this case, Poteete=s petition indicates that he is seeking discovery from his former
lawyer against whom he is contemplating filing a legal malpractice lawsuit.[7]  Therefore, the trial court=s order denying the discovery is interlocutory and cannot be appealed
until a final judgment is rendered in the contemplated suit; thus, we have no
jurisdiction over the appeal.[8]  Accordingly, we dismiss the appeal for want
of jurisdiction.

 

PER CURIAM

PANEL D:   CAYCE,
C.J.; LIVINGSTON and DAUPHINOT, JJ.

DELIVERED: 
January 26, 2006

 











[1]See Tex. R. App. P. 47.4.





[2]Tex. R. Civ. P. 202.1.





[3]Id.; Tex. R. Civ. P. 202.2(b); Thomas v.
Fitzgerald, 166 S.W.3d 746, 747 (Tex. App.CWaco
2005, no pet.).





[4]IFS
Security Group, Inc. v. Am. Equity Ins., 175 S.W.3d 560, 563 (Tex.
App.CDallas
2005, no pet.); Thomas, 166 S.W.3d at 747; see Ross Stores, Inc. v.
Redken Labs., Inc., 810 S.W.2d 741, 742 (Tex. 1991); Jacintoport Corp.
v. Almanza, 987 S.W.2d 901, 902 (Tex. App.CHouston
[14th Dist.] 1999, no pet.) (both applying predecessor to rule 202).





[5]IFS
Security Group, 175 S.W.3d at 563; Thomas, 166 S.W.3d at
747; Jacintoport Corp., 987 S.W.2d at 902.





[6]IFS
Security Group, 175 S.W.3d at 563; Thomas, 166 S.W.3d at
747.





[7]Poteete=s
petition states that he Aseeks
to depose Edwin J. Youngblood to investigate a claim by petitioner . . . in
proceedings to >Legal
Malpractice.=@





[8]Thomas, 166
S.W.3d at 747.