In re Patterson Medical Diagnotic, et al.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-119-CV

IN RE PATTERSON MEDICAL DIAGNOSTIC, ROGERS 

CHIROPRACTIC CLINIC, CLIFFORD ROGERS, D.C., 

GISSELL MEZA, SUSANNA LOPEZ, AND RICK SMITH, D.C.

------------

FROM THE 348TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Respondents Patterson Medical Diagnostic, Rogers Chiropractic Clinic, Clifford Rogers, D.C., Gissell Meza, Susana Lopez, and Rick Smith, D.C. are attempting to appeal the trial court’s orders denying their plea to the jurisdiction and granting Zenith Insurance Company’s order authorizing presuit depositions. Because these orders are not appealable interlocutory orders, we will dismiss the appeal for want of jurisdiction.

On April 19, 2006, we notified Respondents of our concern that this court lacked jurisdiction over the appeal.  We stated that we were
 concerned that we may not have jurisdiction over the appeal from the trial court’s March 10, 2006 “Order Denying Respondents’ Plea To The Jurisdiction” because the interlocutory order did not appear to fall within the statutory list of appealable interlocutory orders.  
See generally
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 51.014
 (Vernon 2005).  Specifically, the court was concerned that the March 10, 2006 order did not appear to be an interlocutory 
order denying a plea to the jurisdiction
 by a “governmental unit.”  
See id. 
at 
§ 51.014(a)(8) (stating that a person may appeal an interlocutory order of a district court that grants or denies a plea to the jurisdiction by a governmental unit
 
as that term is defined in section 101.001).

We also stated that we were concerned that we may not have jurisdiction over the appeal from the trial court’s March 10, 2006 “Order Authorizing Pre-suit Depositions” because the order does not appear to be a final, appealable order or judgment. 
 See Thomas v. Fitzgerald
, 166 S.W.3d 746, 747 (Tex. App.—Waco 2005, no pet.) (stating that when a petition is brought and discovery is sought from a person against whom there is a suit pending or specifically contemplated, the order authorizing presuit depositions is interlocutory and cannot be appealed until a final judgment is rendered).
  We informed Respondents that the appeal was subject to dismissal unless they or any party desiring to continue the appeal filed a response with this court showing grounds for continuing the appeal.  
See
 
Tex. R. App. P. 
42.3(a).  We have received no response. 

Because the orders appealed from are not final judgments or appealable interlocutory orders, we dismiss this appeal for want of jurisdiction.  
See
 
Tex. R. App. P. 
42.3(a), 43.2(f).

SUE WALKER

JUSTICE

PANEL A: CAYCE, C.J.; HOLMAN and WALKER, JJ.

DELIVERED: May 25, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.