COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-119-CV

 

 

IN RE
PATTERSON MEDICAL DIAGNOSTIC, ROGERS 

CHIROPRACTIC CLINIC, CLIFFORD ROGERS, D.C., 

GISSELL MEZA, SUSANNA LOPEZ, AND RICK SMITH, D.C.

 

 

                                                                                                        

                                              ------------

 

           FROM THE 348TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Respondents Patterson Medical Diagnostic, Rogers
Chiropractic Clinic, Clifford Rogers, D.C., Gissell Meza, Susana Lopez, and
Rick Smith, D.C. are attempting to appeal the trial court=s orders
denying their plea to the jurisdiction and granting Zenith Insurance Company=s order
authorizing presuit depositions. Because these orders are not appealable
interlocutory orders, we will dismiss the appeal for want of jurisdiction.

On April 19, 2006, we notified Respondents of our
concern that this court lacked jurisdiction over the appeal.  We stated that we were concerned that we may
not have jurisdiction over the appeal from the trial court=s March
10, 2006 AOrder Denying Respondents= Plea To
The Jurisdiction@ because the interlocutory order
did not appear to fall within the statutory list of appealable interlocutory
orders.  See generally Tex. Civ. Prac. & Rem. Code Ann. ' 51.014
(Vernon 2005).  Specifically, the court
was concerned that the March 10, 2006 order did not appear to be an
interlocutory order denying a plea to the jurisdiction by a Agovernmental
unit.@  See id. at '
51.014(a)(8) (stating that a person may appeal an interlocutory order of a
district court that grants or denies a plea to the jurisdiction by a
governmental unit as that term is defined in section 101.001).








We also stated that we were concerned that we may
not have jurisdiction over the appeal from the trial court=s March
10, 2006 AOrder Authorizing Pre-suit
Depositions@ because the order does not
appear to be a final, appealable order or judgment.  See Thomas v. Fitzgerald, 166 S.W.3d 746,
747 (Tex. App.CWaco 2005, no pet.) (stating
that when a petition is brought and discovery is sought from a person against
whom there is a suit pending or specifically contemplated, the order
authorizing presuit depositions is interlocutory and cannot be appealed until a
final judgment is rendered).  We informed
Respondents that the appeal was subject to dismissal unless they or any party
desiring to continue the appeal filed a response with this court showing
grounds for continuing the appeal.  See
Tex. R. App. P. 42.3(a).  We have received no response. 

Because the orders appealed from are not final
judgments or appealable interlocutory orders, we dismiss this appeal for want
of jurisdiction.  See Tex. R. App. P. 42.3(a), 43.2(f).

 

 

SUE
WALKER

JUSTICE

 

PANEL A:   CAYCE, C.J.; HOLMAN and WALKER, JJ.

 

DELIVERED: May 25, 2006

 











[1]See Tex. R. App. P. 47.4.