NO. 07-06-0074-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JULY 24, 2006


______________________________



MARIA DIAZ, APPELLANT



V.



SOUTHWEST AIRLINES CO., APPELLEE


_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 92,456-B; HONORABLE JOHN BOARD, JUDGE


_______________________________




Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Maria Diaz perfected an appeal from a summary judgment in favor of appellee
Southwest Airlines Co. in her negligence suit against it. The parties have filed an agreed
motion asserting they have entered a settlement agreement. The motion requests this
court set aside the trial court's judgment without regard to the merits and remand the case
to the trial court for rendition of a judgment in accordance with the parties' agreement. This
disposition is authorized by Rules of Appellate Procedure 42.1(a)(2)(B) and 43.2(d). 
Finding the motion complies with the requirements of Rules 6.6 and 42.1(a), we vacate the
judgment of the trial court and remand for rendition of judgment in conformity with the
parties' agreement.

 Having disposed of this appeal at the parties' express request, we will not entertain
a motion for rehearing and our mandate shall issue forthwith.


 Per Curiam 





n of filing a law suit against Clark, but rather to investigate an actual innocence
claim. However, despite the representations made by appellant in his brief, the clerk's
record reveals that his original petition alleges that he "seeks to depose Mr. Warren L.
Clark, in order to investigate a potential claim arising out of the trial of Petitioner. . .,
wherein the deponent may have committed legal malpractice resulting from his
representation of Petitioner." 

 Rule 202 of the Texas Rules of Civil Procedure permits the taking of a deposition
to either perpetuate or obtain testimony for use in anticipation of suit, or to investigate a
potential claim or suit. Tex. R. Civ. P. 202.1 (a)-(b) (Vernon Supp. 2005). The ruling of a
trial court is a final appealable order if the deposition sought is against a third party against
whom suit is not contemplated. IFS Security Group, Inc. v. Am. Equity Ins., 175 S.W.3d
560, 563 (Tex.App.-Dallas 2005, no pet.); Thomas v. Fitzgerald, 166 S.W.3d 746, 747
(Tex.App.-Waco 2005, no pet.). On the other hand if the request for discovery is sought
from a person against whom there is a suit contemplated or pending, the ruling of the trial
court is interlocutory. IFS Security Group, 175 S.W.3d at 563; Thomas, 166 S.W.3d at
747. In this case the record clearly demonstrates that appellant is seeking discovery from
his former lawyer with an intent to file a legal malpractice case and, accordingly, the order
of the trial court is interlocutory in nature.

 Our jurisdiction over interlocutory appeals is specified by statue. Stary v. DeBord,
967 S.W.2d 352, 352-53 (Tex. 1998). There is no statute authorizing interlocutory appeal
from an order denying a deposition against a person suit is contemplated against;
therefore, we have no jurisdiction over this appeal. The appeal is dismissed for want of
jurisdiction. 


 Mackey K. Hancock

 Justice