IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00115-CR

 

Robert R. Aguilar, Jr.,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2005-584-C

 



MEMORANDUM  Opinion










 

          Roberto Ramos Aguilar, Jr. filed a
“Motion to Dismiss Appeal.”  Aguilar personally signed the motion.  See Tex. R. App. P. 42.2(a).

          We have not issued an opinion in this
case and the Clerk has sent a duplicate copy of the motion to the trial court
clerk.  See id.

          This appeal is dismissed.  See id.

 

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

 

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

Appeal
Dismissed

Opinion
delivered and filed October 4, 2006

[CRPM]






font-size:14.0pt;font-family:"Palatino","serif"'>Brazos County, Texas

Trial Court No. 10-003351-CV-272

 

 



MEMORANDUM  Opinion



 

            The appellant in each of
these two cases has appealed the respective trial court’s order allowing
Appellee to take their presuit depositions pursuant to Rule of Civil Procedure
202.  Appellants also sought mandamus relief from the trial court orders in
separate but practically identical original proceedings, and today we have
denied mandamus relief in the original proceedings.

            “Presuit deposition orders
are appealable only if sought from someone against whom suit is not
anticipated.”  In re Jorden, 249 S.W.3d 416, 419 (Tex. 2008).  That is,
if the order allows the presuit deposition of a person against whom suit is contemplated,
the order is interlocutory and there is no appellate jurisdiction.  Thomas
v. Fitzgerald, 166 S.W.3d 746, 747-48 (Tex. App.—Waco 2005, no pet.).  

            In the trial courts and in
the original proceedings, Appellee has taken the position that she is investigating
potential claims against not only her employer, but also against the
Appellants.  Because Appellee contemplates or anticipates a possible suit
against Appellants, the trial courts’ orders are interlocutory, and these
appeals are dismissed for lack of jurisdiction.

 

REX
D. DAVIS

Justice

 

Before Chief
Justice Gray,

            Justice
Davis, and 

Justice
Scoggins

Appeals
dismissed

Opinion
delivered and filed July 20, 2011

[CV06]