NO. 07-06-0175-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



MARCH 5, 2007


______________________________



DAVID MATTHEW LAYTON, APPELLANT



V.



WARREN CLARK, APPELLEE


_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 94,288-A; HONORABLE HAL MINER, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, David Matthew Layton, appeals from an order denying his request to take
the deposition of Warren Clark pursuant to a request filed under the authority of Texas
Rule of Civil Procedure 202.1(b). We dismiss the appeal.

 Appellant was represented by the proposed deponent, Warren Clark, in 1996;
specifically Clark was the trial attorney for appellant during appellant's trial from May 2,
1996 until May 9, 1996. The trial court denied appellant's request to depose Clark without
a hearing. Appellant urges a number of constitutional grounds which he asserts would
require this court to reverse. However, this court lacks jurisdiction to hear this appeal.

 Appellant maintains, on appeal, that his request was not intended to be a deposition
in anticipation of filing a law suit against Clark, but rather to investigate an actual innocence
claim. However, despite the representations made by appellant in his brief, the clerk's
record reveals that his original petition alleges that he "seeks to depose Mr. Warren L.
Clark, in order to investigate a potential claim arising out of the trial of Petitioner. . .,
wherein the deponent may have committed legal malpractice resulting from his
representation of Petitioner." 

 Rule 202 of the Texas Rules of Civil Procedure permits the taking of a deposition
to either perpetuate or obtain testimony for use in anticipation of suit, or to investigate a
potential claim or suit. Tex. R. Civ. P. 202.1 (a)-(b) (Vernon Supp. 2005). The ruling of a
trial court is a final appealable order if the deposition sought is against a third party against
whom suit is not contemplated. IFS Security Group, Inc. v. Am. Equity Ins., 175 S.W.3d
560, 563 (Tex.App.-Dallas 2005, no pet.); Thomas v. Fitzgerald, 166 S.W.3d 746, 747
(Tex.App.-Waco 2005, no pet.). On the other hand if the request for discovery is sought
from a person against whom there is a suit contemplated or pending, the ruling of the trial
court is interlocutory. IFS Security Group, 175 S.W.3d at 563; Thomas, 166 S.W.3d at
747. In this case the record clearly demonstrates that appellant is seeking discovery from
his former lawyer with an intent to file a legal malpractice case and, accordingly, the order
of the trial court is interlocutory in nature.

 Our jurisdiction over interlocutory appeals is specified by statue. Stary v. DeBord,
967 S.W.2d 352, 352-53 (Tex. 1998). There is no statute authorizing interlocutory appeal
from an order denying a deposition against a person suit is contemplated against;
therefore, we have no jurisdiction over this appeal. The appeal is dismissed for want of
jurisdiction. 


 Mackey K. Hancock

 Justice







 1991)
(also noting that a criminal defendant is not entitled to appointed counsel of his choice); 
Culverhouse v. State, 755 S.W.2d 856, 861 (Tex.Crim.App. 1988) (defendant may not use
his right to counsel to manipulate the court or to delay his trial); Hubbard v. State, 739
S.W.2d 341, 344 (Tex.Crim.App. 1987); Wallace v. State, 618 S.W.2d 67, 70 (Tex.Crim.
App. 1981) (stating rule that right to counsel may not be manipulated so as to obstruct the
judicial process); Carroll v. State, 176 S.W.3d 249, 256 (Tex.App.--Houston [1st Dist.]
2004, pet. ref'd) (finding no abuse of discretion in denial of motion for appointment of
substitute counsel).

 As evidence of a conflict of interest, appellant agues that, because of the grievance
he filed against his trial counsel, "a strong chance exists that counsel's interests will fall
adversely to those of his client." He points to no circumstance, however, in which trial
counsel was required to make a choice between advancing appellant's interests and
protecting counsel's own interests. (1) Such a required choice is the test for determining
whether there is a conflict which may render counsel's assistance ineffective. Ex parte
Morrow, 952 S.W.2d 530, 538 (Tex.Crim.App. 1997). Appellant's speculation as to an
unidentified potential conflict is insufficient to show error in the trial court's ruling. See
Dunn, 819 S.W.2d at 520 (noting appellant there did not claim that asserted conflict
"actually affected the adequacy of his representation" by appointed counsel). Moreover,
the trial court could have found the timing of the grievance, made on the eve of trial, was
evidence of an intent to manipulate the trial process. We hold the trial court did not abuse
its discretion in denying trial counsel's motion to withdraw and overrule appellant's first
issue. 

 Our disposition of appellant's first issue is also dispositive of his second issue
assigning error to the denial of his motion for continuance. Because the trial court did not
err in denying trial counsel's motion to withdraw, it did not err in overruling appellant's
motion for continuance. We overrule appellant's second issue.

 Appellant's third and fourth issues challenge the legal and factual sufficiency of the
evidence supporting his conviction. The briefs correctly state the standards by which we
must review challenges to the legal sufficiency of the evidence and recitation of those
standards here is unnecessary. See Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61
L.Ed.2d 560 (1979). After the parties filed their briefs in this case the Court of Criminal
Appeals provided further guidance to appellate courts in reviewing factual sufficiency
challenges. See Watson v. State, 204 S.W.3d 404 (Tex.Crim.App. 2006). Before
reversing based on factual insufficiency an appellate court must first be able to say, with
some objective basis in the record, that the great weight and preponderance of the
evidence contradicts the jury's verdict. Id. at 417. 

 The evidence showed that on the afternoon of appellant's arrest the Levelland
Police Department received a phone call reporting a man was attempting to break into a
business called Ted's Café. The caller remained on the phone until police officers arrived
and was unable to see the actor while at the telephone. When Sergeant Armando Lopez
arrived he found appellant attempting to get on a bicycle outside the café but having
difficulty. Lopez took appellant into custody and noticed he had cuts on his hands which
were bleeding. Lopez found the café closed and the doors locked, but noted there was a
broken window. Detective Tommy Williams and another detective named McDonald
arrived shortly thereafter. They found the broken window and that the drive-through
window was open. Another witness named Paul Burgio approached one of the detectives
and reported hearing a thump as he was walking by the café. He looked to see appellant
lying on the ground outside the drive-through window. The business owner, Ted Wheeler,
also arrived and let the detectives into the building. According to Wheeler it was the
business's practice to remove currency from the cash register each day and leave any
change. The detectives and Wheeler found the cash drawer was pulled out of the register
and it contained no bills or change. The detectives found blood on the counter inside the
drive-through window and collected a sample for testing. They then went to the jail where
they learned appellant was carrying approximately $8.00 in change when he was booked
into the jail. Investigators later obtained a blood sample from appellant for comparison to
the blood recovered from the restaurant. 

 At trial the State presented the testimony of the original caller, Rachel Archuleta,
Burgilo, Sergeant Lopez, and Detective Williams, each of whom testified to the events we
have described. The State also called Angela Rodriguez from the Department of Public
Safety crime laboratory in Lubbock, who performed DNA analysis of the blood recovered
from the scene and that obtained from appellant. She testified appellant was the source
of the blood found at the scene "to a reasonable degree of scientific certainty." 

 Appellant's sufficiency challenge rests on the absence of testimony that any witness
saw him in the building. The State is not limited to proof of each element of an offense by
direct evidence. Circumstantial evidence is reviewed under the same standards as direct
evidence. Geesa v. State, 820 S.W.2d 154, 160 (Tex.Crim.App.1991). He contends the
presence of his blood inside the building does not prove beyond a reasonable doubt he
was in the building, suggesting the blood, found near the open window, could have
"somehow been transferred" there during his arrest outside that window. This argument
seeks to impose on the State the duty to exclude every conceivable hypothesis other than
appellant's guilt. Even if appellant's theory could be viewed as a reasonable hypotheses
inconsistent with his guilt, the Court of Criminal Appeals abandoned that standard for
reviewing sufficiency in circumstantial evidence cases in its opinion in Geesa. 820 S.W.2d
at 161. Viewing the evidence in the light most favorable to the jury's verdict, we find a
reasonable fact finder could rationally have found the elements of the offense beyond a
reasonable doubt. We overrule appellant's third issue. 

 Similarly, appellant's factual sufficiency challenge does not rely on evidence contrary
to the jury's verdict, but on perceived inconsistencies or deficiencies in the State's
evidence. Appellant points to discrepancies in testimony concerning the amount of money
recovered from appellant at the jail and the type of clothing he was wearing. He also
attributes significance to the inability of the original caller to identify him as the same
person she had seen across the street. Viewing the record as a whole and in a neutral
light, we cannot say the jury's verdict was against the great weight and preponderance of
the evidence, and so overrule appellant's fourth issue.

 Having overruled appellant's issues, we affirm the judgment of the trial court.


 James T. Campbell

 Justice





Do not publish.
1. Nor, having reviewed the entire record, do we find it to reflect such a circumstance.