NO. 07-06-0175-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MARCH 5, 2007
_____

DAVID MATTHEW LAYTON, APPELLANT

V.

WARREN CLARK, APPELLEE
_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 94,288-A; HONORABLE HAL MINER, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, David Matthew Layton, appeals from an order denying his request to take the deposition of Warren Clark pursuant to a request filed under the authority of Texas Rule of Civil Procedure 202.1(b). We dismiss the appeal.

Appellant was represented by the proposed deponent, Warren Clark, in 1996; specifically Clark was the trial attorney for appellant during appellant's trial from May 2, 1996 until May 9, 1996. The trial court denied appellant's request to depose Clark without

a hearing. Appellant urges a number of constitutional grounds which he asserts would require this court to reverse. However, this court lacks jurisdiction to hear this appeal.

Appellant maintains, on appeal, that his request was not intended to be a deposition in anticipation of filing a law suit against Clark, but rather to investigate an actual innocence claim. However, despite the representations made by appellant in his brief, the clerk's record reveals that his original petition alleges that he "seeks to depose Mr. Warren L. Clark, in order to investigate a potential claim arising out of the trial of Petitioner. . ., wherein the deponent may have committed legal malpractice resulting from his representation of Petitioner."

Rule 202 of the Texas Rules of Civil Procedure permits the taking of a deposition to either perpetuate or obtain testimony for use in anticipation of suit, or to investigate a potential claim or suit. TEX. R. CIV. P. 202.1 (a)-(b) (Vernon Supp. 2005). The ruling of a trial court is a final appealable order if the deposition sought is against a third party against whom suit is not contemplated. IFS Security Group, Inc. v. Am. Equity Ins., 175 S.W.3d 560, 563 (Tex.App.–Dallas 2005, no pet.); Thomas v. Fitzgerald, 166 S.W.3d 746, 747 (Tex.App.–Waco 2005, no pet.). On the other hand if the request for discovery is sought from a person against whom there is a suit contemplated or pending, the ruling of the trial court is interlocutory. IFS Security Group, 175 S.W.3d at 563; Thomas, 166 S.W.3d at 747. In this case the record clearly demonstrates that appellant is seeking discovery from his former lawyer with an intent to file a legal malpractice case and, accordingly, the order of the trial court is interlocutory in nature.

Our jurisdiction over interlocutory appeals is specified by statue.  <u>Stary v. DeBord</u>, 967 S.W.2d 352, 352-53 (Tex. 1998).  There is no statute authorizing interlocutory appeal from an order denying a deposition against a person suit is contemplated against; therefore, we have no jurisdiction over this appeal.  The appeal is dismissed for want of jurisdiction.


Mackey K. Hancock
Justice