Opinion issued March 13, 2008






 






In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00256-CV






IN RE RONALD LEE ALEXANDER






On Appeal from the 215th District Court

Harris County, Texas

Trial Court Cause No. 2005-79702






O P I N I O N

 Ronald Lee Alexander appeals from an order denying his request to take the
deposition of his criminal defense lawyer. We dismiss the appeal for want of
jurisdiction.

 Layton Duer represented Alexander during Alexander's three-day criminal trial
in May 1998. Pursuant to a request filed under the authority of Texas Rule of Civil
Procedure 202.1(b), Alexander attempted to depose Duer. Without conducting a
hearing, the trial court denied appellant's request to depose Duer. Alexander argues
that the trial court erred in denying the request because the court mistakenly assumed
that "the nature of the case was a civil suit against the deponent when in fact the
nature of the case is a non-adversarial Verified Petition for the Deposition to
Investigate Potential Claim." Regardless, we lack jurisdiction to hear this appeal.

 Alexander sought to depose Duer to investigate a potential legal malpractice
claim against Duer. Alexander's Verified Petition for Deposition to Investigate
Claim states in pertinent part that "Petitioner seeks to depose Mr. Layton Duer, in
order to investigate a potential claim arising out of the trial of Petitioner in the 176th
District Court, 301 Jacinto Ave., Houston, Texas 77002, on May 5-8, 1998, wherein
the deponent may have committed legal malpractice resulting from his representation
of Petitioner." 

 Rule 202 of the Texas Rules of Civil Procedure permits the taking of a
deposition to either perpetuate testimony or obtain testimony for use in anticipation
of suit or to investigate a potential claim or suit. Tex. R. Civ. P. 202.1 (a)-(b). The
ruling of a trial court is a final appealable order only if the deposition sought is
against a third party against whom suit is not contemplated. IFS Sec. Group, Inc. v.
Am. Equity Ins., 175 S.W.3d 560, 563 (Tex. App.--Dallas 2005, no pet.); Thomas v.
Fitzgerald, 166 S.W.3d 746, 747 (Tex. App.--Waco 2005, no pet.). However, if the
individual seeking the discovery either contemplates or is already suing the person
he wishes to depose, the trial court's ruling is interlocutory. IFS Sec. Group, 175
S.W.3d at 563; Thomas, 166 S.W.3d at 747. In this case, the record clearly
demonstrates that Alexander is seeking discovery from his former lawyer, against
whom he intends to file a legal malpractice case. Accordingly, the order is
interlocutory in nature.

 Our jurisdiction over interlocutory appeals is specified by statute. Stary v.
DeBord, 967 S.W.2d 352, 352-53 (Tex. 1998). There is no statute authorizing
interlocutory appeal from an order denying a deposition of a person against whom
suit is contemplated; therefore, we have no jurisdiction over this appeal. 

Conclusion


 The appeal is dismissed for want of jurisdiction. 






 George C. Hanks, Jr.

 Justice


Panel consists of Justices Nuchia, Hanks, and Higley.