NO. 07-11-00022-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



MARCH
2, 2011

 



 

IN RE: PETITION OF SALONQUEST, LLC, REQUESTING A DEPOSITION OF MICHAEL
ROCKAFELLOW



 



 

 FROM THE 237TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2010-554,734; HONORABLE LESLIE HATCH, JUDGE



 



 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

            Michael
Rockafellow and MTBC, Ltd. attempt to appeal from an
order authorizing Salonquest, L.L.C. to depose Rockafellow to investigate a potential claim or suit under
Texas Rule of Civil Procedure 202.1.  We
will dismiss this appeal for want of jurisdiction.

            Rule
202 of the Texas Rules of Civil Procedure permits the taking of a deposition to
either perpetuate testimony or obtain testimony for use in anticipation of suit
or to investigate a potential claim or suit. 
Tex. R. Civ. P.
202.1.  The trial court’s ruling on a
Rule 202 petition is a final appealable order only if the deposition sought is
against a third party against whom suit is not contemplated.  See In re Jorden,
249 S.W.3d 416, 419 (Tex. 2008) (orig. proceeding); IFS Sec. Group, Inc. v.
Am. Equity Ins., 175 S.W.3d 560, 563 (Tex.App.—Dallas
2005, no pet.).  Conversely, the trial
court’s ruling is interlocutory if discovery is sought from “an anticipated
defendant.”  In re Jorden, 249 S.W.3d at 419.  In that case, the order is considered
ancillary to the subsequent suit and cannot be appealed until a final judgment
is rendered in the subsequent suit.  See
id.; Thomas v. Fitzgerald, 166 S.W.3d 746, 747 (Tex.App.—Waco 2005, no pet.)

            In
this case, the record demonstrates that Salonquest
seeks discovery from Rockafellow, in his capacity as
president of MTBC, Ltd., and that Salonquest
anticipates information it obtains from Rockafellow
“may also give rise to claims against MTBC.” 
So, it appears that Salonquest contemplates
suit against MTBC in connection with Salonquest’s
investigation into and efforts to halt the unauthorized distribution of its
hair care products.  Because the parties
from whom Salonquest seeks discovery are “anticipated
defendant[s],” the order from which appeal is attempted is interlocutory in
nature.  See In re Jorden, 249 S.W.3d at 419.

            On
February 11, 2011, the Clerk of this Court notified the parties by letter that
the order from which appeal was sought appears interlocutory and that,
therefore, it appears that the Court is without jurisdiction to entertain this
appeal.  See Tex. R. App. P. 42.3(a).  We invited the parties to show grounds for
continuing this appeal.  To date, the
parties have not responded.

            This
Court has jurisdiction over an interlocutory appeal only when expressly
provided by statute.  See
Stary v. DeBord,
967 S.W.2d 352, 352–53 (Tex. 1998) (per curiam).  No statute authorizes an interlocutory appeal
from an order under Rule 202 authorizing a deposition to perpetuate the
testimony of a person against whom a suit is pending or contemplated.   See In re Alexander, 251
S.W.3d 798, 799 (Tex.App.—Houston [1st Dist.] 2008,
no pet.).  We, therefore, do not have
jurisdiction over this appeal.

            Accordingly,
we dismiss the appeal for want of jurisdiction.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice