

# IN THE
# TENTH COURT OF APPEALS

### No. 10-11-00124-CV

MICHAEL V. PISHKO,

Appellant

v.

DR. LALE YURTTAS,

Appellee

From the 361st District Court
Brazos County, Texas
Trial Court No. 10-003350-CV-361

### No. 10-11-00125-CV

N.K. ANAND,

Appellant

v.

DR. LALE YURTTAS,

Appellee

From the 272nd District Court
Brazos County, Texas
Trial Court No. 10-003351-CV-272

## MEMORANDUM OPINION

The appellant in each of these two cases has appealed the respective trial court's order allowing Appellee to take their presuit depositions pursuant to Rule of Civil Procedure 202. Appellants also sought mandamus relief from the trial court orders in separate but practically identical original proceedings, and today we have denied mandamus relief in the original proceedings.

"Presuit deposition orders are appealable only if sought from someone against whom suit is *not* anticipated." *In re Jorden,* 249 S.W.3d 416, 419 (Tex. 2008). That is, if the order allows the presuit deposition of a person against whom suit is contemplated, the order is interlocutory and there is no appellate jurisdiction. *Thomas v. Fitzgerald,* 166 S.W.3d 746, 747-48 (Tex. App.—Waco 2005, no pet.).

In the trial courts and in the original proceedings, Appellee has taken the position that she is investigating potential claims against not only her employer, but also against the Appellants. Because Appellee contemplates or anticipates a possible suit against Appellants, the trial courts' orders are interlocutory, and these appeals are dismissed for lack of jurisdiction.

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Appeals dismissed
Opinion delivered and filed July 20, 2011
[CV06]