Opinion filed August 16,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-12-00164-CV

                                                    __________

 

                       HARVEY
LEROY SOSSAMON, III, Appellant

                                                             V.

                   TEXAS
DEPARTMENT OF CRIMINAL JUSTICE 

                  EMPLOYEE
WILLIAM BARDIN ET AL., Appellees



 

                                   On
Appeal from the 259th District Court

                                                             Jones
County, Texas

                                                     Trial
Court Cause No. 022178

 



 

                                            M
E M O R A N D U M   O P I N I O N

Harvey
Leroy Sossamon, III, appellant, has filed in this court a pro se notice of
appeal from any adverse orders dismissing this case or otherwise affecting his
ability to take pre-suit depositions.  We notified appellant by letter dated June
15, 2012, that it did not appear to this court that a final, appealable order
had been entered by the trial court, and we requested that appellant respond and
show grounds to continue this appeal.  Appellant filed an appropriate
response.  However, based upon our review of the clerk’s record filed in this
cause, we dismiss the appeal because there is no final, appealable order.

            As
authorized by Tex. R. Civ. P.
202, appellant filed a petition to take written question depositions to
investigate potential claims that he anticipated filing based upon alleged
violations of his right to freely exercise his religion.  See Tex. Civ. Prac. & Rem. Code Ann. ch.
110 (West 2011).  In his petition, appellant requested permission to take the
depositions of several employees of the Texas Department of Criminal Justice
(TDCJ) who work at the French M. Robertson Unit where appellant is
incarcerated.  Appellant subsequently requested that the trial court designate
TDCJ employee William Bardin as the deposition officer.  The trial court
originally entered orders granting appellant’s requests.  However, the trial
court subsequently reconsidered its previous orders and entered an order, the
one from which appellant appeals, denying appellant’s requests.  We note that,
contrary to appellant’s assertion, the trial court did not enter an order of
“dismissal.”

Unless
specifically authorized by statute, appeals may be taken only from final
judgments.  Tex. A & M Univ. Sys. v. Koseoglu, 233 S.W.3d 835,
840–41 (Tex. 2007); Lehmann v. Har‑Con Corp., 39 S.W.3d 191
(Tex. 2001).  A ruling on a Rule 202 petition constitutes a final, appealable
order only if the petition seeks discovery from a third party against whom a
suit is not contemplated, but a Rule 202 ruling is interlocutory and does not
constitute a final, appealable order if discovery is sought from a person
against whom litigation is either pending or contemplated.  Thomas v.
Fitzgerald, 166 S.W.3d 746 (Tex. App.—Waco 2005, no pet.).  In his
petition, appellant indicated, among other things, that the TDCJ employees that
he sought to depose “have created and established a form of government
sponsored and appointed and approved religion in violation of the Establishment
Clause,” that “the deponents are in defiance against the Legislature’s
proscription against appointing convict supervisors and religious rulers inside
of the prison,” and that “the deponents are not discharging their duties and
obligations under the TRFRA to use the least restrictive means available.”  It
is clear from appellant’s Rule 202 petition that he contemplated litigation
against the deponents.  Consequently, the trial court’s order denying
appellant’s request under Rule 202 is not a final, appealable order.  See
id.  Nor is the trial court’s denial of appellant’s request to designate
Bardin as the deposition officer a final, appealable order.  Because no final,
appealable order has been entered in this case, we lack jurisdiction and dismiss
this appeal.  See Tex. R. App. P.
42.3.  

Accordingly,
the appeal is dismissed for want of jurisdiction.  

 

August 16, 2012                                                                     PER
CURIAM

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.