**Opinion filed August 16, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00164-CV

_____

**HARVEY LEROY SOSSAMON, III, Appellant**
**V.**
**TEXAS DEPARTMENT OF CRIMINAL JUSTICE**
**EMPLOYEE WILLIAM BARDIN ET AL., Appellees**

**On Appeal from the 259th District Court**
**Jones County, Texas**
**Trial Court Cause No. 022178**

## MEMORANDUM OPINION

Harvey Leroy Sossamon, III, appellant, has filed in this court a pro se notice of appeal from any adverse orders dismissing this case or otherwise affecting his ability to take pre-suit depositions. We notified appellant by letter dated June 15, 2012, that it did not appear to this court that a final, appealable order had been entered by the trial court, and we requested that appellant respond and show grounds to continue this appeal. Appellant filed an appropriate response. However, based upon our review of the clerk's record filed in this cause, we dismiss the appeal because there is no final, appealable order.

As authorized by TEX. R. CIV. P. 202, appellant filed a petition to take written question depositions to investigate potential claims that he anticipated filing based upon alleged violations of his right to freely exercise his religion. *See* TEX. CIV. PRAC. & REM. CODE ANN. ch. 110

(West 2011). In his petition, appellant requested permission to take the depositions of several employees of the Texas Department of Criminal Justice (TDCJ) who work at the French M. Robertson Unit where appellant is incarcerated. Appellant subsequently requested that the trial court designate TDCJ employee William Bardin as the deposition officer. The trial court originally entered orders granting appellant's requests. However, the trial court subsequently reconsidered its previous orders and entered an order, the one from which appellant appeals, denying appellant's requests. We note that, contrary to appellant's assertion, the trial court did not enter an order of "dismissal."

Unless specifically authorized by statute, appeals may be taken only from final judgments. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840–41 (Tex. 2007); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex. 2001). A ruling on a Rule 202 petition constitutes a final, appealable order only if the petition seeks discovery from a third party against whom a suit is not contemplated, but a Rule 202 ruling is interlocutory and does not constitute a final, appealable order if discovery is sought from a person against whom litigation is either pending or contemplated. *Thomas v. Fitzgerald*, 166 S.W.3d 746 (Tex. App.—Waco 2005, no pet.). In his petition, appellant indicated, among other things, that the TDCJ employees that he sought to depose "have created and established a form of government sponsored and appointed and approved religion in violation of the Establishment Clause," that "the deponents are in defiance against the Legislature's proscription against appointing convict supervisors and religious rulers inside of the prison," and that "the deponents are not discharging their duties and obligations under the TRFRA to use the least restrictive means available." It is clear from appellant's Rule 202 petition that he contemplated litigation against the deponents. Consequently, the trial court's order denying appellant's request under Rule 202 is not a final, appealable order. *See id.* Nor is the trial court's denial of appellant's request to designate Bardin as the deposition officer a final, appealable order. Because no final, appealable order has been entered in this case, we lack jurisdiction and dismiss this appeal. *See* TEX. R. APP. P. 42.3.

Accordingly, the appeal is dismissed for want of jurisdiction.


August 16, 2012                                              PER CURIAM

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.