

# IN THE
## TENTH COURT OF APPEALS

———————————

### No. 10-12-00145-CV

CARL H. WATSON,

                                        Appellant

 v.

MAGNABLEND, INC., COLLIDER DATA
CENTER, L.L.C., AND ELLIS COUNTY, TEXAS,

                                        Appellees

———————————

### From the 40th District Court
### Ellis County, Texas
### Trial Court No. 84227

———————————————————————————————

## MEMORANDUM  OPINION

———————————————————————————————

Carl H. Watson filed a petition seeking to use Rule 202 of the Texas Rules of Civil

Procedure to conduct pre-suit discovery of representatives of Magnablend, Inc.,

Collider Data Center, LLC, and Ellis County, Texas.  The trial court denied the petition,

and Watson appeals.

"Presuit deposition orders are appealable only if sought from someone against

whom suit is not anticipated." *In re Jorden*, 249 S.W.3d 416, 419 (Tex. 2008).  That is, if

the order allows or denies the pre-suit deposition of a person against whom suit is

contemplated, the order is interlocutory, and there is no appellate jurisdiction. *Thomas v. Fitzgerald*, 166 S.W.3d 746, 747-48 (Tex. App.—Waco 2005, no pet.).

According to his petition, Watson contended he was investigating potential claims or lawsuits against "Deponents," *i.e.* representatives of Magnablend, Inc., Collider Data Center, LLC, and Ellis County, Texas.[1]  Because Watson contemplates or anticipates a possible suit against the appellees, the trial court's order is interlocutory. On appeal, Watson contends that he only anticipates suit against Ellis County, and thus, because he does not contemplate a suit against Magnablend and Collider Data, the trial court's order is appealable.  But, just as a summary judgment as to one of multiple parties does not make the order granting summary judgment appealable because it is only an interlocutory order, *see Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001), the denial of Rule 202 discovery when a suit or claim is contemplated against one of several deponents is also an interlocutory order and not appealable.[2]

This appeal is dismissed.

TOM GRAY
Chief Justice

---

[1] Various portions of the petition could also be construed to indicate that the anticipated suit would be against Ellis County only.  This does not however, impact the analysis of whether the order is final for purposes of appeal.  Appellant's post submission brief relies primarily on cases in which the discovery was sought only from an entity other than the entity against which suit was anticipated.  We have been unable to find authority in this area of the law where pre-suit discovery was sought of multiple entitles at least one of which is the anticipated defendant.

[2] Likewise, the denial of the motion to recuse and the grant of sanctions, the basis of issue four, is an interlocutory order, and as such, we have no jurisdiction to review it by a direct appeal at this time.

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Appeal Dismissed
Opinion delivered and filed April 18, 2013
[CV06]