

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-20-00091-CV

Matthew L. **WEBB**,
Appellant

v.

**HEB LP**,
Appellee

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2020CI00522
Honorable Aaron Haas, Judge Presiding

PER CURIAM

Sitting:     Irene Rios, Justice
           Beth Watkins, Justice
           Liza A. Rodriguez, Justice

Delivered and Filed: April 29, 2020

DISMISSED FOR LACK OF JURISIDICTION

This is an attempted appeal from an order denying a petition for a pre-suit deposition. Under Rule 202 of the Texas Rules of Civil Procedure, a person may file a petition to obtain an order authorizing the taking of a pre-suit deposition to perpetuate testimony "for use in an anticipated suit" or "to investigate a potential claim or suit." TEX. R. CIV. P. 202.1; 202.2. When a Rule 202 petition seeks to depose an anticipated defendant, the trial court's order on the petition is interlocutory and not appealable until a final judgment is rendered in the contemplated suit. *In re Jorden*, 249 S.W.3d 416, 419 (Tex. 2008) (orig. proceeding) ("[W]hen sought from an

anticipated defendant" a pre-suit deposition order is "considered ancillary to the subsequent suit, and thus neither final nor appealable."); *Thomas v. Fitzgerald*, 166 S.W.3d 746, 747 (Tex. App.—Waco 2005, no pet.) (recognizing that a ruling on a Rule 202 petition is interlocutory and not immediately appealable when it seeks to depose a person against whom suit is contemplated). "Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides such jurisdiction." *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). No statute authorizes an immediate appeal from an order denying a deposition to perpetuate the testimony of an anticipated defendant. *Thomas*, 166 S.W.3d at 747.

Here, the Rule 202 petition shows that appellant was contemplating a suit alleging certain acts or omissions by an HEB LP pharmacy employee and that appellant was seeking to depose this pharmacy employee. We issued an order warning appellant it appeared we had no jurisdiction over this appeal. We explained that because appellant's Rule 202 petition sought to depose an anticipated defendant, the trial court's order was interlocutory and not immediately appealable. Appellant responded to our order, but his response does not show that we have jurisdiction over this appeal. Therefore, we dismiss this appeal for lack of jurisdiction. *See Thomas*, 166 S.W.3d at 747-48 (dismissing for lack of jurisdiction an appeal from an order denying a deposition to perpetuate the testimony of an anticipated defendant).

PER CURIAM