**In re Ronald Lee ALEXANDER.**

**No. 01-06-00256-CV.**

Court of Appeals of Texas, Houston (1st Dist.).

March 13, 2008.

Ronald Lee Alexander, Beaumont, TX, pro se.

Layton W. Duer, Houston, TX, for Appellant.

John William Tinder II, Corpus Christi, TX, for Appellee.

Panel consists of Justices NUCHIA, HANKS, and HIGLEY.

## OPINION

GEORGE C. HANKS, JR., Justice.

Ronald Lee Alexander appeals from an order denying his request to take the deposition of his criminal defense lawyer. We dismiss the appeal for want of jurisdiction.

Layton Duer represented Alexander during Alexander's three-day criminal trial in May 1998. Pursuant to a request filed under the authority of Texas Rule of Civil Procedure 202.1(b), Alexander attempted to depose Duer. Without conducting a hearing, the trial court denied appellant's request to depose Duer. Alexander argues that the trial court erred in denying the request because the court mistakenly assumed that "the nature of the case was a civil suit against the deponent when in fact the nature of the case is a non-adversarial Verified Petition for the Deposition to Investigate Potential Claim." Regardless, we lack jurisdiction to hear this appeal.

Alexander sought to depose Duer to investigate a potential legal malpractice claim against Duer. Alexander's Verified Petition for Deposition to Investigate Claim states in pertinent part that "Petitioner seeks to depose Mr. Layton Duer, in order to investigate a potential claim arising out of the trial of Petitioner in the 176th District Court, 301 Jacinto Ave., Houston, Texas 77002, on May 5–8, 1998, wherein the deponent may have committed legal malpractice resulting from his representation of Petitioner."

Rule 202 of the Texas Rules of Civil Procedure permits the taking of a deposition to either perpetuate testimony or obtain testimony for use in anticipation of suit or to investigate a potential claim or suit. TEX.R. CIV. P. 202.1(a)-(b). The ruling of a trial court is a final appealable order only if the deposition sought is against a third party against whom suit is not contemplated. *IFS Sec. Group, Inc. v. Am. Equity Ins.,* 175 S.W.3d 560, 563 (Tex. App.-Dallas 2005, no pet.); *Thomas v. Fitzgerald,* 166 S.W.3d 746, 747 (Tex.App.-Waco 2005, no pet.). However, if the individual seeking the discovery either contemplates or is already suing the person he wishes to depose, the trial court's ruling is interlocutory. *IFS Sec. Group,* 175 S.W.3d at 563; *Thomas,* 166 S.W.3d at 747. In this case, the record clearly demonstrates that Alexander is seeking discovery from his former lawyer, against whom he intends to file a legal malpractice case. Accordingly, the order is interlocutory in nature.

Our jurisdiction over interlocutory appeals is specified by statute. *Stary v. DeBord,* 967 S.W.2d 352, 352–53 (Tex. 1998). There is no statute authorizing interlocutory appeal from an order denying a deposition of a person against whom suit is contemplated; therefore, we have no jurisdiction over this appeal.

## Conclusion

The appeal is dismissed for want of jurisdiction.