

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00034-CV
_____

DAVID ERON BOUKNIGHT, Appellant

V.

CYNTHIA DIANNE BOUKNIGHT, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 06-0896

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

David Eron Bouknight appeals from a final judgment approving the final accounting of the proceeds from the sale of a pickup truck. The pickup was the sole property awarded David in the final decree of divorce entered in this case. David's points of error are overruled, and the judgment of the trial court is affirmed.

## I.      Background

David had been married to Cynthia Dianne Bouknight for over twenty-nine years when he turned himself in to authorities to answer for a criminal complaint. While he was in jail awaiting trial, Cynthia filed a pro se petition for divorce. David signed a waiver of citation. On November 27, 2006, a hearing was held without David's presence. On December 6, 2006, the trial court entered a final decree of divorce awarding David a truck and Cynthia the remainder of the community estate and control over the proceeds of David's Social Security disability payments in order to pay community debts.

Afterward, David wrote the trial judge and clerk challenging the fairness of the property division, requesting information regarding the appeal process, and requesting the appointment of counsel. David did not appeal the final decree of divorce. Over two years later, in September 2009, David requested and was provided copies of all documents filed in the divorce case and a transcript of the final hearing on the divorce.

On June 1, 2012, David filed a "Motion for Court Order to Comply" requesting that the trial court order Cynthia to comply with the property settlement detailed in the final divorce decree. David asserted (1) that Cynthia sold his truck for $1,500.00 even though it was worth

$2,500.00, (2) that he never gave Cynthia permission to sell the truck, and (3) that he only received a portion of the proceeds from the sale of the truck. David then filed a motion seeking (1) an order that Cynthia produce all receipts and other documents related to the sale of the truck and the disposition of the proceeds of that sale and (2) for an order to the Texas Department of Criminal Justice to produce a copy of his Inmate Trust Fund Account statements from 2007. The trial court set the matter for a hearing on November 21, 2012, notified the parties, arranged for David's participation telephonically (due to his incarceration), and directed Cynthia to bring all documents and receipts related to the disposition of the truck and its proceeds.[1] After the hearing, the trial court provided David all of the "exhibits (receipts) tendered in Court at the hearing," set forth his view of the evidence,[2] and gave David twenty-one days to "respond further as to why a formal order should not be entered denying further relief." On December 12, 2012, David objected, asserting that three of the receipts were duplicates, one receipt had no indication that it was related to proceeds from the sale of the truck, and four receipts represented transactions occurring before the disposition of the truck. David claimed at that time that he had

---

[1]Cynthia apparently remarried after the divorce, and her married name was Edmonson at the time of the hearing.

[2]In pertinent part, the trial court's letter reads:

> Mr. Bouknight contends the truck award[ed] to him in the divorce was worth $2,500.00 "book value." While [David was] incarcerated, Mrs. Edmondson sold the truck for $1,500.00, having first paid for unspecified repairs preliminary to selling it. Mrs. Edmondson has tendered receipts showing payment to Mr. Bouknight exceeding $1,965.00. Several receipts being too faded to read[,] no credit is given therefore.
>
> It was conceded that $500.00 was paid per Mr. Bouknight's instruction to their adult daughter. Mrs. Edmondson paid out over $2,500.00.
>
> Mr. Bouknight's motion is GRANTED as requiring an accounting. Mrs. Edmondson has accounted for all funds arising out of the disposition of the truck. No further relief is granted.

3

received a total of $1,060.00 from the proceeds of the sale of the truck. David acknowledged his previous concession that $500.00 had been paid to his daughter out of the truck's proceeds, per his instruction, but he then "removed" or withdrew that concession. Finally, David claimed that he was owed $1,440.00, based on a $2,500.00 valuation of the truck.

By judgment dated January 24, 2013,[3] the trial court found that Cynthia "presented evidence that the truck had been sold pursuant to Petitioner's request and all net proceeds there from were ultimately paid to Petitioner or at his direction." The trial court found that Cynthia had "accounted for her disposition of" the truck and denied all other relief. On January 22, 2013, David filed an amended motion for discovery asking the court to require Cynthia to provide him with a copy of his power of attorney, again asserting that she had abused the same. This motion was denied by order dated January 30, 2013. On February 11, 2013, David filed his "Objection and Motion for Reconsideration of Judgement" in which he asked for reconsideration of the final judgment on accounting and asserted his right to appeal "any decisions made by this Court."[4]

II.     Issues on Appeal

A.     The Final Accounting Points of Error

David presents ten points of error, the first four of which relate to the judgment on final accounting. We interpret points of error one through four to be complaining that the evidence is insufficient to support the trial court's judgment that all the net proceeds from the sale of the truck were paid to David or at his direction.

---

[3]Although the Final Judgment on Accounting is dated January 24, 2013, it is file marked January 23, 2013.

[4]Giving a liberal interpretation to the pro se filing, we construe this pleading as both a motion for new trial on the accounting and a prematurely filed notice of appeal. *See* TEX. R. APP. P. 27.1(a).

4

### 1.    Standard of Review

No findings of fact and conclusions of law were requested, and none were filed.  In such a case, "we imply all findings of fact necessary to support the judgment" of the trial court. *Burden v. Burden*, 420 S.W.3d 305, 307 (Tex. App.—Texarkana 2013, no pet.); *see also, e.g.*, *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002).  "When the appellate record includes the reporter's and clerk's records, these implied findings are not conclusive and may be challenged for legal and factual sufficiency . . . ." *Marchand*, 83 S.W.3d at 795.  These findings of fact have the same weight as a jury's verdict. *Amador v. Berrospe*, 961 S.W.2d 205, 207 (Tex. App.—Houston [1st Dist.] 1996, pet. denied).  We review the sufficiency of the evidence supporting a trial court's findings under the same standards used to review the legal or factual sufficiency of the evidence supporting a jury's findings. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994); *Puntarelli v. Peterson*, 405 S.W.3d 131, 134 (Tex. App.—Houston [1st Dist.] 2013, no pet.).

We first examine the record to determine if there is some evidence to support the finding and, if so, then we must determine whether the finding is so contrary to the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *Tate v. Tate*, 55 S.W.3d 1, 5 (Tex. App.—El Paso 2000, no pet.).  We do not interfere with the fact-finder's resolution of conflicts in the evidence or its determination of the weight and credibility of witness testimony, as its determinations on these matters are generally considered conclusive. *Id.*; *Navarrete v. Williams*, 342 S.W.3d 116, 122 (Tex. App.—El Paso 2011, no pet.).  When faced with conflicting evidence, the fact-finder may choose which witnesses to believe and may

5

resolve inconsistencies in any witness' testimony. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986).

### 2. Analysis

In this case, the appellate record consists solely of the clerk's record.[5] "The appellant bears the burden of properly initiating the completion of a record sufficient to demonstrate reversible error." *Aguero v. Aguero*, 225 S.W.3d 236, 237 (Tex. App.—El Paso 2006, no pet.). If the appellant fails to do so and raises a point of error that involves matters omitted from the record, the appellate court is normally prevented from adequately addressing the dispute. *Id.* Under such circumstances, the appellant is typically deemed to have waived his complaint. *Id.*; *see also Cheek v. State*, 65 S.W.3d 728, 730 (Tex. App.—Waco 2001, no pet.).

In this case, we find the record sufficient to address David's points of error related to the final accounting. In its letter to the parties following the hearing, the trial court noted that the truck was sold for $1,500.00, which was some evidence of its value. The trial court also noted David's contention that the "book value" of the truck was $2,500.00. Further, the trial court noted David's concession that $500.00 of the proceeds from the sale of the truck was given to David's adult daughter at David's direction. David did not contest these findings in the trial court or in this Court, although he did attempt to retract his admission that $500.00 was actually paid to his daughter. Finally, although David contested the validity of some of the receipts, he admitted that he had personally received $1,060.00 of the proceeds. Thus, there is some evidence that supports an implied finding by the trial court that the value of the truck was

---

[5]This Court has been informed by the court reporter that no record was made of the November 21, 2012, hearing.

6

$1,500.00, that David received at least $1,060.00 and that $500.00 of the proceeds was given to his daughter at his direction. Although there is some evidence to the contrary, it is not so great as to make the trial court's finding manifestly unjust.

Accordingly, we conclude that the trial court did not err in finding that all of the net proceeds from the sale of the truck had been paid to David or paid to others at David's direction. We overrule David's first four points of error.

### B. Other Points of Error

In David's seventh, ninth, and tenth points of error, he complains of matters related to his waiver of citation, his motion for spousal support, and his entitlement to the proceeds from his Social Security disability while the divorce was pending. All of these issues relate to the divorce proceeding and were either resolved or should have been resolved by the final decree of divorce. Consequently, the appropriate means of contesting the trial court's resolution of these issues was through a direct appeal from the trial court's final decree of divorce. Since David did not appeal that judgment, he was barred from asserting these issues once the decree became final.[6] *See Stephens v. Marlowe*, 20 S.W.3d 250, 252 (Tex. App.—Texarkana 2000, no pet.) "If an appeal is not perfected, *res judicata* bars a subsequent collateral attack." *Id.* (citing *Baxter v. Ruddle*, 794 S.W.2d 761, 762 (Tex. 1990)). Having failed to timely appeal the final decree of divorce, David may not now seek the same relief in this appeal. We overrule David's seventh, ninth, and tenth points of error.

---

[6]David asserted these claims in his "Petitioner's Motion for Out of Time Appeal and Court Ordered Restitution and Spousal Support/Alimony," filed four years after the final decree of divorce became final. He also complains that he was not given notice of the hearing on this petition. Any error, however, was harmless since all of these claims had been barred.

7

In his fifth point of error, David complains that the trial court erred by overruling his motion to require Cynthia to produce a copy of his power of attorney. David alleges he needs a copy of the power of attorney to aid him in filing suit against Cynthia for abuse of the power of attorney, conspiracy, and fraud. When an individual seeks discovery against someone he is contemplating suing, the trial court's rulings related to that discovery are interlocutory. *In re Alexander*, 251 S.W.3d 798, 799 (Tex. App.—Houston [1st Dist] 2008, no pet.). We only have jurisdiction over interlocutory appeals if specified by statute. *Id.* Since there is no statute authorizing an interlocutory appeal in this situation, we have no jurisdiction over this portion of the appeal.

David's sixth point of error involves a motion that was filed in the trial court after expiration of the trial court's plenary power over the matters involved in this appeal[7] and involves a matter unrelated to the judgment on final accounting.[8] Further, there is nothing in the record that suggests the trial court ruled on this motion. We only have jurisdiction over appeals from final judgments or appealable orders. *In re Estate of Washington*, 262 S.W.3d 903, 905 (Tex. App.—Texarkana 2008, no pet.). Since there has been no final, appealable order resolving this motion, we also lack jurisdiction over this portion of the appeal.

---

[7]Since no order was entered on David's motion for a new trial, the trial court lost its plenary power over the matters involved in this appeal on May 7, 2013, thirty days after the motion for a new trial was overruled by operation of law. *See* TEX. R. CIV. P. 329b(e). David filed this motion on July 18, 2013.

[8]In this motion, David seeks an order from the trial court requiring the production of Cynthia's 2006 income tax return.

David's eighth point of error raises issues that were never raised in the trial court.[9]  We will not address an issue on appeal that was not raised in the trial court.  *In re Marriage of Lendman*, 170 S.W.3d 894, 898 (Tex. App.—Texarkana 2005, no pet.); *see also* TEX. R. APP. P. 33.1.  We overrule this point of error.

## III.    Conclusion

We affirm the judgment of the trial court.


Jack Carter
Justice

Date Submitted:        September 11, 2014
Date Decided:          October 2, 2014

---

[9]David alleged a theft of wages.