**Opinion filed December 9, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00246-CV

_____

## EDDIE DALE UNDERWOOD, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 259th District Court**
**Jones County, Texas**
**Trial Court Cause No. 025324**

## M E M O R A N D U M   O P I N I O N

Appellant, Eddie Dale Underwood, has filed a pro se notice of appeal from an order in which the trial court denied Appellant's Rule 202 petition for pre-suit depositions. *See* TEX. R. CIV. P. 202. Under Rule 202, a person may petition a trial court for an order that authorizes the taking of a deposition to either (1) investigate a potential claim or suit or (2) perpetuate or obtain testimony for use in an anticipated suit. TEX. R. CIV. P. 202.1. The documents on file in this court show that Appellant filed a Rule 202 petition in anticipation of a lawsuit that he intends to file to complain

about various ultra vires acts allegedly committed by state officials and employees involved in the filing and handling of matters related to Appellant's criminal conviction. We dismiss the appeal.

The clerk of this court wrote Appellant on October 27, 2021, and informed him that the order from which he attempted to appeal did not appear to be an appealable order. We requested that Appellant respond and show grounds to continue the appeal. We have received a response from Appellant in which he asserts that the order entered by the trial court under Rule 202 of the Texas Rules of Civil Procedure "operate[s] as a final appealable order and is immediately subject to appellate review." We disagree.

Unless specifically authorized by statute, appeals may be taken only from final judgments. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840–41 (Tex. 2007); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A ruling on a Rule 202 petition constitutes a final, appealable order "only if [the pre-suit deposition is] sought from someone against whom suit is not anticipated." *In re Jorden*, 249 S.W.3d 416, 419 (Tex. 2008). On the other hand, an order granting or denying a Rule 202 petition for the deposition of a person against whom suit is contemplated is "considered ancillary to the subsequent suit, and thus neither final nor appealable." *Id.*; *see Caress v. Fortier*, 576 S.W.3d 778, 781 (Tex. App.—Houston [1st Dist.] 2019, pet. denied); *In re Alexander*, 251 S.W.3d 798, 799 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *Thomas v. Fitzgerald*, 166 S.W.3d 746 (Tex. App.—Waco 2005, no pet.).

In his Rule 202 petition for pre-suit depositions, Appellant asserted that various government officials and employees, whom Appellant sought to depose, colluded to deprive Appellant of his constitutional right of access to the courts and due process of law. Appellant sought to depose the district judge, the district attorney, the district clerk, a deputy clerk, the district judge's court administrator,

2

and the presiding judge of the local administrative judicial region. Thus, Appellant sought to depose persons against whom he contemplated a lawsuit. Consequently, the trial court's order denying Appellant's Rule 202 petition is not a final, appealable order. *See Jorden*, 249 S.W.3d at 419. Furthermore, there is no statute authorizing an interlocutory appeal from an order denying a Rule 202 petition to depose a person against whom suit is contemplated. *Alexander*, 251 S.W.3d at 799. Because no appealable order has been entered in this case, we have no jurisdiction to entertain this appeal.

Consequently, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3.


PER CURIAM


December 9, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.