**DISMISS and Opinion Filed May 13, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-22-00397-CV

## IN RE JANTZEN VERASTIQUE

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-01696**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Goldstein
Opinion by Chief Justice Burns

Before the Court is appellee Jantzen Verastique's motion to dismiss this appeal for want of jurisdiction. The appeal, filed by the Dallas Police Department (DPD), challenges the trial court's April 11, 2022 order granting Verastique's amended rule 202 petition for pre-suit deposition of a DPD representative. *See* TEX. R. CIV. P. 202.1. Verastique asserts in her motion that we lack jurisdiction over the appeal because the order is not final or otherwise appealable. We agree.

It is well-settled that an appeal may be taken only from final orders that dispose of all parties and claims or interlocutory orders as authorized by statute. *See Lehmann v. Har- Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). An order on a petition for pre-suit deposition is final and appealable if the deposition is sought from

someone against whom suit is not anticipated, as the order disposes of the only issue between the parties—discovery. *In re Jorden*, 249 S.W.3d 416, 419 (Tex. 2008) (orig. proceeding); *IFS Sec. Grp., Inc. v. Am. Equity Ins. Co.,* 175 S.W.3d 560, 562 (Tex. App.—Dallas 2005, no pet.). If the deposition is sought from an anticipated defendant, the order is deemed ancillary to the subsequent suit and is neither final nor otherwise appealable. *In re Jorden*, 249 S.W.3d at 419.

As reflected in the record, Verastique filed her petition pursuant to rule 202.1(b). *See* TEX. R. CIV. P. 202.1(b). Rule 202.1(b) allows a person to petition the trial court for an order authorizing the taking of a deposition to investigate a potential claim or suit. *See id.* Verastique's petition alleged she was "ambushed" by DPD officers "armed with pepper ball launchers" and arrested during a protest following the May 2020 "murder of George Floyd by Minneapolis Police Officers." She sought the deposition of a DPD representative to investigate potential claims against DPD "concerning the Texas Tort Claims Act . . . and other potential legal claims" stemming from the actions DPD officers took against her. [1]

Verastique asserts in her motion to dismiss that the order granting her permission to depose a DPD representative is interlocutory and unappealable because DPD is an anticipated defendant. *See In re Jorden*, 249 S.W.3d at 419.

---

[1] Verastique asserts in her motion that the statute of limitations for her potential claims against DPD expires May 30, 2022. She notes that because of the appeal, enforcement of the order is suspended, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 6.002(b), TEX. R. APP. P. 25.1(h), and asks we dismiss the appeal "without delay" so she can take the deposition authorized by the order.

DPD disputes that in its response to the motion. DPD asserts a rule 202.1(b) petition does not contemplate a future suit. It maintains that if Verastique anticipated filing suit against DPD, she would have filed her petition under rule 202.1(a) which allows the taking of a deposition to perpetuate or obtain testimony in an anticipated suit.[2] *See id.* 202.1(a). That rule 202.1(a) concerns perpetuating or obtaining testimony in an anticipated suit does not mean, however, that rule 202.1(b) does not contemplate a future suit. A 202.1(b) petitioner may anticipate filing suit but still need to investigate the precise nature of the claims or discover the identity of the potential defendant. *See In re City of Dallas*, 501 S.W.3d 71, 73-74 (Tex. 2016) (per curiam) (rule 202 petitioner sought to investigate potential tortious interference claim against the City of Dallas and also anticipated filing suit); *In re John Doe*, 444 S.W.3d 603, 604-05 (Tex. 2014) (rule 202 petitioner sought to discover identity of anonymous blogger and also anticipated filing suit asserting claims for libel and business disparagement against blogger); *In re Alexander*, 251 S.W.3d 798, 799 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (rule 202 petitioner sought to investigate potential legal malpractice claim against attorney and anticipated filing suit). We conclude DPD's argument lacks merit.

---

[2] DPD asserts in its response that it is preparing to file a companion petition for writ of mandamus and "suggests that the Court should carry the [jurisdictional] issue forward until this appeal and the related mandamus proceeding have been duly briefed." We decline to do so.

Because the appealed order authorizes Verastique to depose a representative of DPD and DPD is an anticipated defendant, the order is not final or otherwise appealable. *See In re Jorden*, 249 S.W.3d at 419. Accordingly, we grant Verastique's motion and dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

220397F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN RE JANTZEN VERASTIQUE

No. 05-22-00397-CV

On Appeal from the 14th Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-22-01696. Opinion delivered by Chief Justice Burns, Justices Molberg and Goldstein participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

Judgment entered May 13, 2022.